E-Filed 11/20/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALAN BRINKER,

    Plaintiff,

    v.

NORMANDIN'S, et al.,

    Defendants.

Case No. 14-cv-03007-EJD (HRL)

**ORDER ON DISCOVERY DISPUTE JOINT REPORT 3**

Re: Dkt. No. 62

    Alan Brinker ("Brinker") sues Normandin d/b/a Normandin Chrysler Jeep Dodge Ram ("Normandin") and OneCommand, Inc. ("OneCommand") in this class-action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* Brinker served OneCommand with an interrogatory that requests, among other information, the names, addresses, and phone numbers of putative class members. Dkt. No. 62 at 2. OneCommand argued the disclosure of information about putative class members "is inappropriate and premature unless and until a class is certified." OneCommand also argued it had already fulfilled its discovery obligation with respect to the interrogatory when it produced a list of approximately 5,800 unique cellphone numbers "whose owners are similarly situated with Plaintiff in that they received, on or about July 1, 2010, the same call on behalf of Normandin's that Plaintiff allegedly received in March 2014." Normandin disagreed with OneCommand and they were unable to resolve their dispute. Normandin and OneCommand filed discovery dispute joint report ("DDJR") 3, which asks the court to resolve "[w]hether . . . OneCommand is required to provide a supplemental answer to [the interrogatory]." Dkt. No. 62 at 1.

**Discussion**

    OneCommand's primary argument—that information about a putative class is not relevant prior to class certification and therefore should not be produced—relies on the example of *Knutson v. Blue Cross and Shield of Minnesota*, 254 F.R.D. 553 (D. Minn. 2008), but the court does

1    not read *Knutson* as a case that applies or supports the rule articulated by OneCommand. The
2    magistrate judge in that case granted a motion to compel the production of information about
3    putative class members. The district judge concluded the plaintiff's moving papers failed to
4    clearly assert any justification for the production of that information except for the desire to solicit
5    new opt-in Fair Labor Standards Act plaintiffs. The district judge therefore declined to consider
6    the merits of whether the information was producible as relevant to the question of class
7    certification. *Id.* at 556.

8    OneCommand argues in the alternative that the court should balance the relevance of the
9    requested information against "the privacy interests of the potential class members in not being
10   contacted by Plaintiff's counsel." OneCommand provides no explanation of which particular
11   privacy rights the court should balance or why the proper result of a balancing act would favor
12   OneCommand. Instead, OneCommand cites a series of cases that are neither binding on the court
13   nor persuasive in this instance. For example, OneCommand supports its terse privacy argument
14   with a citation to *Palmer v. Convergys Corp.*, 7:10-CV-145 (HL), 2011 WL 1326183 (M.D. Ga.
15   Apr. 6, 2011). The *Palmer* opinion, with reasoning similar to the reasoning in *Knutson*, notes that
16   information sought solely for the purpose of gaining new Fair Labor Standards Act opt-in
17   plaintiffs might not be relevant and discoverable. *Id.* at 2. It does not discuss privacy whatsoever.

18   Brinker, unlike the plaintiffs in *Knutson* and *Palmer*, does not hope to discover potential
19   Fair Labor Standards Act opt-in plaintiffs through the requested discovery. Rather, he requests
20   information for its relevance to whether class certification is proper under Federal Rule of Civil
21   Procedure 23. Dkt. No. 62 at 3-4. The court agrees with Brinker that the production of
22   information about the putative class is common in this context. *See, e.g.*, *Babbitt v. Albertson's,*
23   *Inc.*, C-92-1884 (PJH) (N.D. Cal. Nov. 30, 1992), 1992 WL 605652. The court is persuaded by
24   Brinker's argument that some of the information it requests is relevant to typicality. Dkt. No. 62
25   at 3.

26   The court rejects OneCommand's argument that Brinker, by filing a motion for class
27   certification, has admitted that it needs no further information with respect to typicality. Brinker's
28   motion for class certification unequivocally asks the court to hold the motion in abeyance until

2

1 additional evidence has been produced by Defendants and filed by Brinker. Dkt. No. 50 at 8.
2 Brinker clearly filed the motion for class certification early in order to avoid the potential adverse
3 effects of a pending Supreme Court ruling, *id.*, not because he already possessed all the relevant
4 evidence.

5 The court is not persuaded, however, that all of the information requested by Brinker
6 should be discovered. Brinker's interrogatory asks for the production of information about how
7 many calls OneCommand made to each putative class member and the dates on which those calls
8 were made, and that seems appropriate, but it also requests each putative class member's "title,
9 business address and telephone number, email address, occupation, and employer and state the
10 entity's full name, address telephone number and web address." Dkt. No. 62 at 2. Much of the
11 information requested by Brinker, beyond who called whom when, appears either irrelevant or
12 cumulative with respect to the question of class certification.

**Conclusion**

14 Brinker has persuaded the court that additional information relevant to class certification
15 should be produced. The court rejects most of OneCommand's contrary arguments, but agrees
16 that Brinker requests certain details that are not relevant to the question of class certification. The
17 court believes Brinker's legitimate need to discover evidence as to class typicality will be served
18 by the production of the names of putative class members, the phone number for each putative
19 class member, and the date and time for each occasion on which each putative class member was
20 called. OneCommand shall produce those facts within 28 days, but the court shall not compel
21 production of the other details requested by Brinker in its interrogatory.

22 **IT IS SO ORDERED.**

23 Dated: 11/20/15

HOWARD R. LLOYD
United States Magistrate Judge

3