E-Filed 4/8/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>        Plaintiff,<br><br>    v.<br><br>NORMANDIN'S, et al.,<br><br>        Defendants. | Case No. 14-cv-03007-EJD   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 4**<br><br>Re: Dkt. No. 81 |

Alan Brinker ("Brinker") sues Normandin's d/b/a Normandin Chrysler Jeep Dodge Ram ("Normandin") and OneCommand, Inc. ("OneCommand") in this class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* The putative class includes everyone in the United States "to whom: (a) Defendants made one or more non-emergency telephone calls; (b) promoting Defendant Normandin's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial." Dkt. No. 36 at 4-5. Brinker has not yet moved for class certification.

Brinker and OneCommand filed Discovery Dispute Joint Report ("DDJR") 4; they dispute whether OneCommand should produce any unproduced documents, databases, and other electronically stored information that identify putative class members or contain contact information for those class members. Dkt. No. 81 at 2-3.

**Discussion**

Brinker argues: (1) OneCommand does not claim that the production of the requested discovery would be disproportionate to the needs of this case or unduly burdensome; and (2) OneCommand has raised no valid reason to withhold the relevant information Brinker requested.

1  Dkt. No. 81 at 5-8. OneCommand responds it is appropriate to withhold the requested information

2  because: (1) Brinker's alleged injury is not typical of the injury that may have been suffered by

3  people who were called with a different prerecorded message, and so any information about

4  people who were called with a different prerecorded message is irrelevant; and (2) Brinker's

5  request for "additional call data" could have been raised "prior to the submission of" DDJR 3,

6  which involved a similar issue, and therefore "in keeping with the Court's standing order on

7  discovery disputes . . . [Brinker] should now be precluded from further delaying his motion for

8  class certification and from seeking to expand the scope of the class[.]" Dkt. No. 81 at 8-12.

9      OneCommand does not clearly state why it believes the undersigned's Standing Order re:

10 Civil Discovery Disputes provides a basis for denying Brinker's request to compel supplemental

11 production. That order cautions litigants "not to allow discovery disagreements to drag on

12 unresolved until some looming deadline forces them into action," but that warning does not mean,

13 as OneCommand seems to argue, that a litigant waives the ability to raise a discovery dispute if he

14 could have discovered and raised that dispute a few months sooner. And although it is true that

15 DDJR 3 involved similar issues, that fact does not support OneCommand's argument that the

16 dispute at issue in DDJR 4 should have been raised before DDJR 3 was filed. To the extent that

17 the dispute in DDJR 4 is distinct from the dispute in DDJR 3, the undersigned's standing order

18 prohibits parties from filing related-but-distinct disputes together in a single DDJR. To the extent

19 that the disputes are the same, the order on DDJR 3 already conclusively ruled that Brinker is

20 entitled to discover "the name[]" and "phone number" of each putative class member. Dkt. No. 70

21 at 3. The undersigned therefore rejects the argument that Brinker violated the Standing Order re:

22 Civil Discovery Disputes by failing to discover and raise the discovery dispute at issue in DDJR 4

23 a few months sooner.

24     The court also rejects OneCommand's typicality argument. The class defined in the

25 operative complaint does not narrowly include people who received the same prerecorded message

26 as Brinker; instead, the proposed class broadly includes people Defendants called "through the use

27 of an automatic telephone dialing system or an artificial or prerecorded voice" in order to

28 "promot[e] . . . Normandin's goods or services[.]" Dkt. No. 36 at 4-5. It would be procedurally

1  improper to adjudicate the issue of typicality in the context of a discovery dispute rather than in
2  the context of a motion for class certification; accordingly, it was improper for OneCommand to
3  withhold relevant and discoverable materials related to members of the proposed class based on
4  the belief that an impending motion for class certification should eventually be denied for lack of
5  typicality.
6        The court notes that the order on DDJR 3 already ruled on the extent to which Brinker is
7  entitled to discover details about the putative class members—names and phone numbers, but not
8  other details, are relevant and discoverable for the use of Brinker in support of the impending
9  motion for class certification. Dkt. No. 70 at 3. OneCommand shall therefore produce: (1) the
10 documents, databases, and other electronically stored information that contain the names of any
11 members of the proposed class; and (2) the documents, databases, and other electronically stored
12 information that contain the phone numbers for any members of the proposed class. Any such
13 discovery materials shall be produced regardless of whether they relate to proposed class members
14 who were called with messages different from the message used to call Brinker. OneCommand
15 shall complete this production no later than April 14, 2016.
16 **IT IS SO ORDERED.**
17 Dated: 4/8/16

HOWARD R. LLOYD
United States Magistrate Judge

3