E-Filed 5/4/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALAN BRINKER, | Case No. 14-cv-03007-EJD   (HRL) |
|---|---|
| Plaintiff, | **ORDER ENFORCING PRIOR DISCOVERY ORDER** |
| v. | |
| NORMANDIN'S, et al., | **INTERIM ORDER ON MOTION FOR SANCTIONS** |
| Defendants. | Re: Dkt. No. 86 |

On January 22, 2016, the court resolved Discovery Dispute Joint Report 1 ("DDJR 1") by ordering Defendant Normandin's to produce certain documents by February 20, 2016. Dkt. No. 73. Plaintiff Alan Brinker ("Brinker") asserts that Normandin's failed to produce the documents it was ordered to produce; Brinker therefore filed a motion for enforcement of the discovery order and for sanctions. Dkt. No. 86. Brinker asks that the court order the production of "the overdue documents" within 10 days of the court issuing an enforcement order. Dkt. No. 86 at 5. Brinker also requests that Normandin's be ordered to pay, as sanctions, $20,725 worth of Brinker's attorney fees.

Normandin's has filed no response to the motion and the deadline for filing a response has expired. The lack of opposition persuades the undersigned that Normandin's has violated the court's order on DDJR 1. Accordingly, the undersigned is persuaded that Normandin's should be ordered to produce the documents at issue in DDJR 1, to do so in the manner previously ordered by the court when it resolved DDJR 1, and to complete the production of those documents within ten days. *See* Dkt. No. 73 at 5.

The court sees several deficiencies, however, with Brinker's attorney-fees request. Brinker has the burden to show its requested hourly fee rates are "in line with the prevailing market rate" in this district. *See Carson v. Billings Police Department*, 470 F.3d 889, 891 (9th Cir. 2006)

(citation omitted). The declaration of A. Janay Ferguson ("Ferguson") supports the requested fee rates merely by stating that Brinker's lawyers have used "a variety of factors" to set reasonable rates—this provides no details that might permit the court to review whether Brinker's hourly fee rates are in line with the prevailing market rate in this district. *See* Dkt. No. 87 at 3. The undersigned also advises Brinker that ordinarily a litigant must prove the "market rate" with other evidence "in addition to" the declaration of an attorney whose own fee rate is at issue. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Similarly, Ferguson does not describe who did what, and when, with sufficient specificity. Attorney fees should be awarded only for time "reasonably expended on the" case. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). Ferguson's declaration summarizes, for each attorney, the set of tasks for which compensation is requested and the number of hours billed, altogether, for the completion of those tasks. Dkt. No. 87 at 4. This summary does not permit the court to review whether a reasonable amount of time was devoted to any particular task. Likewise, absent information about when Brinker's lawyers worked on any given task, the court has no meaningful opportunity to review which particular fees might be compensable due to being "caused" by a preceding violation of the order on DDJR 1. *See* Fed. R. Civ. P. 37(b)(2)(C). The undersigned also notes, as a final concern, that the stated number of hours billed for the work of Adrienne D. McEntee ("McEntee") is too low to account for the $8,872.50 billed for McEntee's work, Dkt. No. 87 at 4; it seems likely that Ferguson intended to report whatever number of billed hours would justify McEntee's total fees, but the undersigned will not act based on a calculation of what Ferguson probably intended to report.

## Conclusion

The court vacates the hearing on Brinker's motion. The undersigned is persuaded, due to the lack of opposition, that Normandin's violated the court's order on DDJR 1. The court therefore orders Normandin's to produce the documents that it was previously ordered to produce and to do so in the manner previously ordered. Dkt. No. 73 at 5. The court also orders Normandin's to comply with this order no later than May 14, 2016.

The undersigned, as discussed above, sees several deficiencies in Brinker's request for

2

sanctions. The court therefore defers its ruling on that portion of the motion and orders Brinker to file, no later than May 13, 2016, a statement responsive to the court's concerns. The statement shall be supported as necessary by additional declarations. Brinker shall also submit the billing records summarized in Ferguson's declaration. The court, if appropriate, shall set a new hearing on the motion after Brinker submits its statement in response to this order.

**IT IS SO ORDERED.**

Dated: 5/4/16

_____
HOWARD R. LLOYD
United States Magistrate Judge