UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORMANDIN'S, et al.,<br><br>    Defendants. | Case No. 5:14-cv-03007-EJD<br><br>**ORDER GRANTING DEFENDANT ONECOMMAND, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 130 |

Plaintiffs allege that Defendants Normandin's and OneCommand, Inc. placed automated calls to their cell phones in violation of the Telephone Consumer Protection Act ("TCPA"). OneCommand moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing. Because Plaintiffs fail to allege a concrete injury, OneCommand's motion will be GRANTED.

**I.   BACKGROUND**

Defendant Normandin's operates a car dealership in San Jose, California. Second Am. Class Action Compl. ("SAC") ¶ 15, Dkt. No. 127. OneCommand, Inc., sells advertising services to car dealerships. Id. ¶¶ 17–18. Normandin's hired OneCommand to place automated calls to current and potential customers. Id. ¶ 19–21.

1
Case No.: 5:14-cv-03007-EJD
ORDER GRANTING DEFENDANT ONECOMMAND, INC.'S MOTION TO DISMISS

Plaintiffs Alan Brinker, Austin Rugg, and Ana Sanders allege that OneCommand called them on behalf of Normandin's. Brinker alleges that he received one call consisting of a recorded message telling him that he "may have missed routine maintenance" for his vehicle. Id. ¶¶ 27–29. Rugg and Sanders received "approximately five or six" calls with similar messages. Id. ¶¶ 38–40, 51–53. All three were customers of Normandin's before they received the calls. SAC ¶¶ 37, 50; Def. OneCommand's Mot. to Dismiss ("MTD") at 3, Dkt. No. 130. Before receiving calls from Normandin's, Rugg (but not the others[1]) added his phone number to the National Do-Not-Call Registry ("NDNCR"). SAC ¶ 36.

Plaintiffs claim that they were injured because the calls violated their privacy and were "annoying and harassing." Id. ¶¶ 32, 45, 57. They allege no other injuries.

Brinker, Rugg, and Sanders allege that Normandin's and OneCommand violated the TCPA's prohibition on calls made with an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. Id. ¶¶ 69–76; 47 U.S.C. § 227(b)(1)(A) ("It shall be unlawful . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .").

Rugg alleges additional TCPA violations on the basis that his phone number was on the NDNCR. SAC ¶¶ 77–84; 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may [pursue an action]."); 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . .").

Plaintiffs also seek to bring claims on behalf of two classes: the "Cell Phone Class," which includes those who received calls from Normandin's and OneCommand; and the "National Do-

---

[1] According to Plaintiffs' opposition brief, Brinker also added his number to the NDNCR before receiving calls from Normandin's. Dkt. No. 132 at 2. This allegation does not appear in the complaint, and the two causes of action for violation of 47 C.F.R. § 64.1200(c) (relating to numbers on the NDNCR) mention Rugg but not Brinker. SAC ¶¶ 77–84.

2
Case No.: 5:14-cv-03007-EJD
ORDER GRANTING DEFENDANT ONECOMMAND, INC.'S MOTION TO DISMISS

Not-Call Class," which includes call recipients whose numbers appear on the NDNCR. Id. ¶¶ 61–68.

OneCommand now moves to dismiss under Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiffs have not alleged injuries sufficient to confer Article III standing.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Article III Standing

To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of proving these elements. Id.

The plaintiff's injury must be "particularized" and "concrete." Id. at 1548. To be particularized, it "must affect the plaintiff in a personal and individual way." Id. To be concrete, it must be real, not abstract. Id. at 1548–49. A concrete injury can be tangible or intangible. Id. A statutory violation alone is not enough; the plaintiff must also allege a concrete harm. Id. at 1549 (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirements of Article III").

If the plaintiff lacks Article III standing, then the case must be dismissed for lack of subject-matter jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

### III. DISCUSSION

Plaintiffs allege that the calls violated their privacy and were "annoying and harassing." SAC ¶¶ 32, 45, 57. OneCommand argues that these "alleged injuries are insufficient to confer Article III standing," and as a result, "the Court lacks subject-matter jurisdiction over them." MTD at 9–10.

Several courts have found that plaintiffs who received automated unsolicited calls have standing to bring TCPA claims. For instance, in Hewlett, the court found that "near daily" calls to the plaintiff's phone over the course of a month were sufficient to establish a concrete injury. Hewlett v. Consol. World Travel, Inc., No. 2:16-713 WBS AC, 2016 WL 4466536, at *1, *3 (E.D. Cal. Aug. 23, 2016). Similarly, in Juarez, the court found that "42 calls over the course of 12 days" established standing because they were "an annoyance that caused [the plaintiff] to waste time." Juarez v. Citibank, N.A., No. 16-cv-01984, 2016 WL 4547914, at *1, *3 (N.D. Cal. Aug. 1, 2016). And in Cour, the court found standing where the plaintiff received at least two text messages (which are "calls" under TCPA) and responded to at least one of them. Cour v. Life360, Inc., No. 16-cv-00805, 2016 WL 4039279, at *1–2 (N.D. Cal. July 28, 2016).

However, other courts have found that automated calls do not always cause injuries sufficient to establish standing. In Smith, for instance, the plaintiff received a single call. Smith v. Altima Med. Equip., No. ED CV 16-00339-AB (DTBx), 2016 WL 4618780, at *1 (C.D. Cal. July 29, 2016). The plaintiff alleged multiple injuries, including nuisance, aggravation, invasion of privacy, and "involuntary telephone and electrical charges." Id. at *3. The court found that injuries arising from a single call were too slight to confer standing: "Any depletion of Plaintiff's battery, or aggravation or nuisance, resulting from only one call, is a de minimis injury." Id. at *4–5. Likewise, in Romero, the plaintiff received over 290 calls in six months. Romero v. Dep't Stores Nat'l Bank, Case No.: 15-CV-193-CAB-MD, 2016 WL 4184099, at *1 (S.D. Cal. Aug. 5, 2016). She alleged 290 separate TCPA violations, so the question before the court was whether a single call causes injury that is sufficient to establish standing. Id. at *3–4. The court held that a single call, answered or not, is insufficient. Id. at *4–6 ("one singular call, viewed in isolation and

4
Case No.: 5:14-cv-03007-EJD
ORDER GRANTING DEFENDANT ONECOMMAND, INC.'S MOTION TO DISMISS

without consideration of the purpose of the call, does not cause any injury that is traceable to the conduct for which the TCPA created a private right of action, namely the use of an ATDS to call a cell phone").

Here, Brinker alleges that he received a single call.[2] SAC at ¶¶ 27–28; Def.'s Reply in Support of Mot. to Dismiss ("Reply") at 3, Dkt. No. 134 (citing Brinker's deposition testimony, in which he said he received "just one robocall"). The call went to voicemail; he then listened to the message, called to confirm that Normandin's left the message, and hung up. MTD at 3 (citing Brinker's deposition testimony).

Rugg and Sanders each received "approximately five or six" calls with similar messages. SAC ¶¶ 38–40, 51–53. From the allegations, it is unclear whether Rugg and Sanders answered the calls, whether they heard the phone ring, or when the calls occurred. The time period is also vague, but it appears that all of the calls occurred in 2014. Pl.'s Opp. to Def.'s Mot. to Dismiss at 2, Dkt. No. 132. Despite these ambiguities, Rugg and Sanders allege that they were aware of having received these messages. SAC ¶¶ 40, 53 (alleging that Rugg and Sanders received prerecorded messages with "words to the effect" that their vehicles were overdue for service).

The Court finds that Plaintiffs' injuries are too minimal to establish standing. If the calls violated Plaintiffs' privacy and caused annoyance or harassment, the injuries are nominal: Brinker alleges that he received a single call, which he did not answer; and Rugg and Sanders allege that they each received "approximately five or six" calls in 2014—or, roughly one call every two months. Id. ¶¶ 32, 45, 57 (alleging injury); id. ¶¶ 27–29, 38–40, 51–53 (describing calls received). These injuries are not sufficiently concrete. See Vasquez v. LA Cty., 487 F.3d 1246, 1250 (9th Cir. 2007) ("the standing doctrine . . . requires a plaintiff to personally suffer some actual or threatened harm as a result of defendant's putatively illegal conduct"); Romero, 2016 WL 4184099, at *4 ("No reasonable juror could find that one unanswered telephone call could cause

---

[2] Records produced during discovery show that Brinker received five prerecorded calls, Rugg received four, and Sanders received five. Dkt. No. 132 at 2; SAC ¶¶ 27–29, 38–40, 51–53. However, according to the allegations in the SAC, Brinker was only aware of one call.

lost time, aggravation, distress, or any injury sufficient to establish standing."); Smith, 2016 WL 4618780, at *4 ("Any depletion of Plaintiff's battery, or aggravation and nuisance, resulting from only one call, is a de minimis injury."); Juarez, 2016 WL 4547914, at *3 (although the plaintiff established that a series of 42 calls caused concrete injury, "[t]his does not mean any violation of the TCPA will necessarily give rise to Article III standing").

## IV. CONCLUSION

Because Plaintiffs fail to allege injuries sufficient to establish Article III standing, OneCommand's motion to dismiss is GRANTED without leave to amend. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: February 17, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING DEFENDANT ONECOMMAND, INC.'S MOTION TO DISMISS
6