E-filed 2/23/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER, et al.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NORMANDIN'S, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-03007-EJD　(HRL)<br><br>**ORDER GRANTING-IN-PART PLAINFIFF'S MOTION FOR REASONABLE ATTORNEY FEES**<br><br>Re: Dkt. No. 86 |

　　　　Following Discovery Dispute Joint Report 1 ("DDJR 1"), the court ordered Defendant Normandin's to produce certain documents by February 20, 2016. Dkt. No. 73. Normandin's failed to comply. Dkt. No. 103 at 1. Plaintiff Alan Brinker ("Brinker") moved the court to enforce its prior discovery order and to sanction Normandin's for $20,725.00 of Brinker's attorney fees. Dkt. No. 86 at 2. In response, the court issued an interim order which directed Normandin's to comply with the court's prior order, noted deficiencies with Brinker's motion, and instructed Brinker to submit additional information. Dkt. No. 103 at 1-2. In May of 2016, Brinker amended the amount of his request to $11,658.50, Dkt. No. 105 at 1, and submitted itemized entries from the timesheets of three Terrell Marshall Law Group PLLC ("TMLG") attorneys: A. Janay Ferguson ("Ferguson"), Adrienne D. McEntee ("McEntee"), and Kerem M. Levitas ("Levitas"). Dkt. No. 107 at 26. Brinker also submitted timesheet entries for Rob Williamson of Williamson & Williams, LLC ("Williamson"). Dkt. No. 108 at 2-3.

　　　　On February 17, 2017, Judge Davila issued an order dismissing the complaint in this action without leave to amend on the basis that Plaintiffs failed to allege injuries sufficient to establish standing. Dkt. No. 141. Such a dismissal does not, however, excuse disobedience of a discovery

order or terminate the court's ability to rule on this motion.[1]

## LEGAL STANDARD

Absent sufficient justification, a court must order a party that fails to comply with a court's discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure." *See* Fed. R. Civ. P. 37(b)(2)(C). Courts in the Ninth Circuit calculate a reasonable attorney fee using the lodestar method, multiplying "the number of hours . . . reasonably expended . . . by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). A party must demonstrate that the attorney fees it seeks are "in line with the prevailing market rate" in the district. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). This typically requires attorneys to file declarations demonstrating that the requested hourly rates are in accord with "prevailing fees in the community[] and rate determinations in" similar cases. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Litigants, ideally, will provide evidence "in addition to" the declaration of an attorney whose own fee rate is at issue. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). But a district court may also rely "on its own knowledge and experience" to set reasonable fee rates when a litigant submits inadequate declarations. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

## DISCUSSION

No expense incurred prior to the February 20, 2016, deadline could be "caused by" Normandin's failure to comply with the court's discovery order, as that failure had not yet

---

[1] The Supreme Court has held "that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding,'" and may survive the termination of a suit. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." *Id.* at 396. The Ninth Circuit has applied this reasoning to other statutory fee provisions beyond Rule 11, *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"), and the court sees no reason why it should not apply here. As with Rule 11 motions, the questions at issue here involve abuse of the judicial process (defendant's failure to obey the court's discovery order).

1    occurred. *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981). Ferguson's tasks dated

2    January 22, all of McEntee's work, and three of Williamson's four time entries precede the

3    compliance deadline. Dkt. No. 108 at 2-3; Dkt. No. 107 at 26. The court excludes this work from

4    the calculation of compensable expenses because it was not "caused by" Normandin's

5    noncompliance. Fed. R. Civ. P. 37.

6        Brinker has provided a total of ten time entries dated February 21, 2016, or later: one by

7    Williamson dated March 9, two by Levitas dated April 8, and seven by Ferguson dated between

8    February 26 and April 8. For two of these ten entries, the court cannot determine whether the

9    tasks and related expenses were caused by Normandin's noncompliance. Ferguson's March 18

10   and April 7 activities—"[r]eviewed and analyzed correspondence related to discovery issues"—

11   lack the specificity required to make them compensable under Rule 37. *See Toth v. Trans World

12   Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988).

13       The court is satisfied that Normandin's noncompliance on February 20 caused Brinker to

14   incur the attorney fees detailed in the remaining eight entries. Williamson's entry for 0.2 hours on

15   March 9 refers to a letter to Normandin's counsel submitted with Ferguson's initial declaration

16   that discusses defendant's failure to comply with the order on DDJR 1. Dkt. No. 87, Ferguson

17   Decl., Ex. 3; Dkt. No. 108, Williamson Decl., ¶ 5. Ferguson's itemized entries dated February 26,

18   March 3, March 8, March 15, and April 8 all explicitly involve either Normandin's failure to

19   comply or Brinker's motion seeking reasonable attorney fees. Dkt. No. 107 at 26. These entries

20   total 5.6 hours at an hourly rate of $500. And according to the Ferguson declaration, TMLG

21   associate Levitas also worked on Brinker's fee motion for a total of 1.1 hours at an hourly rate of

22   $275. *Id.* Reasonable attorney fees and costs incurred in connection with a party's motion for

23   attorney fees are compensable under Rule 37. *See Avago Technologies, Inc. v. IPtronics, Inc.*, No.

24   5:10-cv-02863-EJD, 2015 WL 2395941, at *5 (N.D. Cal. 2015). Considering the amount of time

25   expended by attorneys preparing similar motions in other cases, the court is satisfied that Brinker's

26   counsel reasonably spent 6.9 hours drafting and reviewing the five-page motion, the

27   accompanying declarations, and the associated correspondence. *See Pinterest, Inc. v. Pintrips,

28   Inc.*, No. 13-cv-04608-RS (KAW), 2015 WL 154522, at *6 (N.D. Cal. 2015).

1    Ferguson declares that she is Of Counsel with TMLG, Dkt. No. 87 at 1, and that she earned
2    her J.D. from Seattle University School of Law, *id.* at 4.  Ferguson has at least seven years of
3    practice experience, plus an unspecified amount of time spent in her current position with TMLG.
4    Dkt. No. 106 at 9.  Ferguson offers only one example of a Northern District court approving
5    "TMLG's standard billing rates" as reasonable and no examples of a Northern District court
6    approving the specific rates at issue here.  *See* Dkt. No. 107 at 2.  Similarly, Williamson, an
7    attorney with over twenty years of experience, offers only cases from the Western District of
8    Washington to support his claimed rate of $760 per hour.  Dkt. No. 108 at 2. The court will not
9    apply Brinker's inadequately supported rates; the undersigned instead relies upon other Northern
10   District cases, his own knowledge and experience, and "the *Laffey* matrix, a widely recognized
11   compilation of attorney and paralegal rates based on various levels of experience." *Theme*
12   *Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 948 (N.D. Cal. 2010).
13   Adjusting the figures in the traditional *Laffey* matrix—which was initially created for cases in
14   Washington, DC and Baltimore—upward by 9% creates a "locality-adjusted *Laffey* matrix"
15   tailored to the San Francisco Bay Area.  *See id.* at 950.
16       The undersigned sets "a billing rate of $400.00 per hour" as a reasonable rate for Ferguson,
17   an attorney with at least seven years of experience.  *See Berry v. Urban Outfitters Wholesale, Inc.*,
18   No. 13-cv-02628-JSW, 2015 WL 580579, at *4 (N.D. Cal. 2015).  The rate of $400 per hour "is
19   reasonable, as it is in line with not only other awards in this district, but also with the Adjusted
20   Laffey Matrix." *Id.*  Levitas, meanwhile, is an Associate with TMLG and a 2009 graduate of the
21   University of Washington School of Law.  Dkt. No. 87 at 4.  Brinker's declarations do not specify
22   the number of years of practice experience Levitas has, *see* Dkt. No. 106 at 10, or provide
23   evidence to support the rate Brinker suggests.  Turning to recent cases in the Northern District, the
24   Adjusted Laffey Matrix benchmark, and its own knowledge, the court sets $250 as a reasonable
25   hourly rate for an associate with 1-3 years of experience.  *Trustees of the N. California Tile Indus.*
26   *Pension Trust Fund v. Premier Stone & Tile, Inc.*, No. 14-cv-03560-WHO, 2016 WL 1182060, at
27   *7 (N.D. Cal. 2016).  Finally, the court sets $650 as a reasonable rate for Williamson, an attorney
28   with more than 20 years of experience.  *See id.*  These rates and the hours claimed yield total

4

reasonable attorney fees of $2,240.00, $275.00, and $130.

## CONCLUSION

Brinker has shown 6.9 hours of billed work reasonably undertaken and caused by Normandin's noncompliance. Brinker has failed to show its requested fee rates are reasonable, but the undersigned is nevertheless satisfied that it would be reasonable to compensate Ferguson's work at the rate of $400 per hour, Levitas's work at the rate of $250 per hour, and Williamson's work at the rate of $650 per hour. The court therefore orders Normandin's to pay Brinker his reasonable attorney fees in the amount of $2,645.00.

**IT IS SO ORDERED.**

Dated: 2/23/2017

HOWARD R. LLOYD
United States Magistrate Judge