UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALAN BRINKER, et al.,

    Plaintiffs,

v.

NORMANDIN'S, et al.,

    Defendants.

Case No. 5:14-cv-03007-EJD

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 145

Plaintiffs move for reconsideration of this Court's order granting Defendants' motion to dismiss for lack of subject-matter jurisdiction. Plaintiffs' motion will be GRANTED.

I. **BACKGROUND**

Plaintiffs allege that Defendants Normandin's and OneCommand, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), by placing automated

1

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING MOTION FOR RECONSIDERATION

calls to Plaintiffs' phones.[1] Second Am. Class Action Compl. ("SAC") ¶¶ 69–76, Dkt. No. 127. Brinker received one call, which went to voicemail; he listened to the message, called to confirm that Normandin's left the message, and hung up. Id. ¶¶ 27–28; Dkt. No 130 at 3. Rugg and Sanders each received "approximately five or six" calls; it is unclear whether they answered the calls or listened to voicemail messages. Id. ¶¶ 38–40, 51–53; Dkt. No. 132 at 2.

OneCommand moved to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction Fed. R. Civ. P. 12(b)(1). Dkt. No. 130. This Court granted OneCommand's motion on the basis that Plaintiffs lacked standing because they failed to allege a concrete injury. Dkt. No. 141. Now, Plaintiffs argue that a recent Ninth Circuit decision requires a different result.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Fed. R. Civ. P. 59(e) is the "proper vehicle" for filing a motion for reconsideration of a motion to dismiss without leave to amend. Mir v. Fosburg, 646 F.2d 342, 344 (9th Cir. 1980). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

### B. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

---

[1] For a more detailed summary of the factual background, see this Court's order granting OneCommand's motion to dismiss, Dkt. No. 141 at 1–3.

### C. Article III Standing

To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of proving these elements. Id.

The plaintiff's injury must be "particularized" and "concrete." Id. at 1548. To be particularized, it "must affect the plaintiff in a personal and individual way." Id. To be concrete, it must be real, not abstract. Id. at 1548–49. A concrete injury can be tangible or intangible. Id. A statutory violation alone is not enough; the plaintiff must also allege a concrete harm. Id. at 1549 (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirements of Article III").

If the plaintiff lacks Article III standing, then the case must be dismissed for lack of subject-matter jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

## III. DISCUSSION

### A. TCPA Standing after Van Patten

After OneCommand's motion to dismiss was fully briefed, the Ninth Circuit issued an opinion in Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037 (9th Cir. 2017). According to Plaintiffs, Van Patten requires a finding that Plaintiffs' injuries are sufficiently concrete to confer standing. Pls.' Mot. for Reconsideration ("Mot."), Dkt. No. 145; see also Orange Street Partners, 179 F.3d at 665 (holding that reconsideration is appropriate when there has been "an intervening change in the controlling law").

The plaintiff in Van Patten received two automated text messages[2] from a gym where he had been a member. 847 F.3d at 1041. He claimed that the messages violated the TCPA. Id. The defendants responded with the same argument that OneCommand made here in its motion to dismiss: "Van Patten did not establish a concrete injury-in-fact necessary to pursue his TCPA

---

[2] Text messages are "calls" under the TCPA. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

3
Case No.: 5:14-cv-03007-EJD
ORDER GRANTING MOTION FOR RECONSIDERATION

claim" in light of Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). 847 F.3d at 1042.

The Ninth Circuit acknowledged that "Article III standing requires a concrete injury even in the context of a statutory violation" and that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. (quoting Spokeo, 136 S. Ct. at 1543, 1549).

Nonetheless, it decided that "a violation"—any violation—"of the TCPA is a concrete, de facto injury." Id. at 1043. "Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm. We recognize that Congress has some permissible role in elevating concrete, de facto injuries previously inadequate in law 'to the status of legally cognizable injuries.' " Id. (quoting Spokeo, 136 S. Ct. at 1549). "A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.' " Id. (quoting Spokeo, 136 S. Ct. at 1549) (emphasis in original).

Under Van Patten, the Plaintiffs in this case have standing. They claim that Normandin's and OneCommand place unsolicited, automated calls to their phones in violation of the TCPA. After Van Patten, these allegations are sufficient to show that the Plaintiffs suffered a concrete injury.

### B. Class Certification

OneCommand argues that Plaintiffs "lack standing to represent a class of individuals who received eight other types of calls that none of [the Plaintiffs] received." Def.'s Opp'n to Pl.'s Mot. for Reconsideration 9, Dkt. No. 148. OneCommand raises the same point in its opposition to Plaintiffs' motion for class certification, where it argues that Plaintiffs cannot meet the typicality requirement. Dkt. No. 110 at 16–17.

The Court will address OneCommand's argument in its forthcoming order on Plaintiffs' motion for class certification. See Melendres v. Arpaio, 784 F.3d 1254, 1262 (9th Cir. 2015) (" '[A]ny issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing.' . . . . Stated differently, '[r]epresentative parties who have a direct and substantial

4

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING MOTION FOR RECONSIDERATION

interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.' ") (citations omitted).

## IV. CONCLUSION

Plaintiffs' motion for reconsideration is GRANTED. The Clerk shall reopen this file. The hearing scheduled for April 27, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: April 21, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING MOTION FOR RECONSIDERATION