Steven M. Tindall, CSB #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, AUSTIN RUGG, and ANA SANDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORMANDIN'S, a California corporation, d/b/a NORMANDIN CHRYSLER JEEP DODGE RAM, and ONECOMMAND, INC.,<br><br>Defendants. | NO. 5:14-cv-03007-EJD-HRL<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING FILING OF THIRD AMENDED COMPLAINT AND DISMISSAL OF OTHER CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**<br><br>JURY TRIAL DEMAND<br><br>HON. EDWARD J. DAVILA<br><br>Complaint Filed: July 1, 2014<br><br>DATE: November 16, 2017<br>TIME: 10:00 a.m.<br>LOCATION: Courtroom 4 – 5th Floor |

## I. STIPULATION

WHEREAS, Plaintiffs wish to amend their putative class definitions in this action and file the Third Amended Complaint attached hereto as <u>Exhibit 1</u>;

1    WHEREAS, Plaintiffs wish to dismiss without prejudice any and all claims of absent

2  putative class members in the Second Amended Complaint other than those encompassed within

3  the Third Amended Complaint, relating to the sole remaining amended putative class;

4    WHEREAS, Defendants do not oppose the filing of this Third Amended Complaint,

5  pursuant to Fed. R. Civ. P. 15(a)(2); and

6    WHEREAS, the parties stipulate that no responsive pleading to the Third Amended

7  Complaint shall be required, pending the Court's Orders granting or denying preliminary and/or

8  final approval of the settlement entered into between the parties on or about October 3, 2017; and

9    WHEREAS, Defendants do not oppose the dismissal without prejudice of any and all

10  claims of absent putative class members in the Second Amended Complaint other than those in

11  the Third Amended Complaint, relating to the sole remaining amended putative class.

12    IT IS SO STIPULATED.

13    RESPECTFULLY SUBMITTED AND DATED this 5th day of October, 2017.

14  TERRELL MARSHALL LAW GROUP PLLC    ROBARDS & STEARNS

15  By: /s/ Beth E. Terrell, CSB #178181          By: /s/ Andrew V. Stearns, CSB #164849
       Beth E. Terrell, CSB #178181                      Andrew V. Stearns, SBN #164849
16     Email:  bterrell@terrellmarshall.com              Email:  astearns@boglawyers.com
       Mary B. Reiten, CSB #203412                       Robert B. Robards, SBN #166855
17     Email:  mreiten@terrellmarshall.com              Email:  rrobards@boglawyers.com
       Adrienne D. McEntee, *Admitted Pro*               718 University Avenue, Suite 216
18       *Hac Vice*                                      Los Gatos, California 95032
       Email:  amcentee@terrellmarshall.com             Telephone: (408) 214-6432
19     936 North 34th Street, Suite 300                  Facsimile: (408) 560-9592
       Seattle, Washington 98103-8869
20     Telephone: (206) 816-6603                        *Attorneys for Defendant Normandin's*
       Facsimile: (206) 319-5450

21

22

23

24

STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF THIRD
AMENDED COMPLAINT - 2
CASE NO. 5:14-CV-03007-EJD-HRL

1    Steven M. Tindall, CSB #187862
     Email: smt@classlawgroup.com
2    GIBBS LAW GROUP LLP
     505 14th Street, Suite 1110
3    Oakland, California 94612-1406
     Telephone: (510) 350-9700
4    Facsimile: (510) 350-9701

5    Rob Williamson, *Admitted Pro Hac Vice*
     Email: roblin@williamslaw.com
6    Kim Williams, *Admitted Pro Hac Vice*
     Email: kwilliams@williamslaw.com
7    WILLIAMSON & WILLIAMS
     2239 West Viewmont Way, West
8    Seattle, Washington 98199
     Telephone: (206) 295-3085

9
     *Attorneys for Plaintiffs and the Proposed Class*
10
     KMK LAW
11

12   By: /s/ Steven C. Coffaro, *Pro Hac Vice*
         Steven C. Coffaro, *Admitted Pro Hac Vice*
13       Email: scoffaro@kmklaw.com
         Drew Hicks, *Admitted Pro Hac Vice*
14       Email: dhicks@kmklaw.com
         One East Fourth Street, Suite 1400
15       Cincinnati Ohio 45202
         Telephone: (513) 579-6400
16       Facsimile: (513) 579-6457

17       Sean P. Flynn, SBN #220184
         Email: sflynn@gordonrees.com
18       GORDON & REES, LLP
         2211 Michelson Drive, Suite 400
19       Irvine, California 92612
         Telephone: (949) 255-6950
20       Facsimile: (949) 255-2060

21

22

23

24

STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF THIRD
AMENDED COMPLAINT - 3
CASE NO. 5:14-CV-03007-EJD-HRL

1   Daniel S. Kubasak, SBN #222336
    Email: dkubasak@gordonrees.com
2   GORDON & REES LLP
    275 Battery Street, Suite 2000
3   San Francisco, California 94111
    Telephone: (415) 986-5900
4   Facsimile: (415) 986-8054

5   *Attorneys for Cross Defendant OneCommand,*
    *Inc.*

6

                    **II.  [PROPOSED] ORDER**
7

8       IT IS SO ORDERED.

        Dated this ___6___ day of _____October_____, 2017.
9

10

11      _____
        UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF THIRD
AMENDED COMPLAINT - 4
CASE NO. 5:14-CV-03007-EJD-HRL

## III. LOCAL RULE 5-1(I)(3) STATEMENT

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from counsel for all parties, and that I will maintain records to support this concurrence by all counsel subject to this stipulation as required under the local rules.

DATED this 5th day of October, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:  __/s/ Beth E. Terrell, CSB #178181___
      Beth E. Terrell, CSB #178181
      Email:  bterrell@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on October 5, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Andrew V. Stearns, SBN #164849
Email:  astearns@boglawyers.com
Robert B. Robards, SBN #166855
Email:  rrobards@boglawyers.com
ROBARDS & STEARNS
718 University Avenue, Suite 216
Los Gatos, California 95032
Telephone: (408) 214-6432
Facsimile: (408) 560-9592

*Attorneys for Defendant Normandin's*

Sean P. Flynn, SBN #220184
Email:  sflynn@gordonrees.com
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, California 92612
Telephone: (949) 255-6950
Facsimile: (949) 255-2060

Daniel S. Kubasak, SBN #222336
Email: dkubasak@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Steven C. Coffaro, *Admitted Pro Hac Vice*
Email: scoffaro@kmklaw.com
Drew Hicks, *Admitted Pro Hac Vice*
Email: dhicks@kmklaw.com
KMK LAW
One East Fourth Street, Suite 1400
Cincinnati Ohio 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

*Attorneys for Cross Defendant OneCommand, Inc.*

DATED this 5th day of October, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Beth E. Terrell, CSB #178181
      Beth E. Terrell, CSB #178181
      Email: bterrell@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and the Proposed Class*

# — EXHIBIT 1 —

Steven M. Tindall, CSB #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, AUSTIN RUGG, and ANA SANDERS, individually and on behalf of all others similarly situated, | NO. 5:14-cv-03007-EJD-HRL |
| Plaintiffs, | **THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | JURY TRIAL DEMAND |
| NORMANDIN'S, a California corporation, d/b/a NORMANDIN CHRYSLER JEEP DODGE RAM, and ONECOMMAND, Inc., | HON. EDWARD J. DAVILA |
| Defendants. | Complaint Filed: July 1, 2014 |
| | DATE:<br>TIME:<br>LOCATION: Courtroom 4 – 5th Floor |

Plaintiffs Alan Brinker, Austin Rugg, and Ana Sanders (hereinafter collectively referred

to as "Plaintiffs"), by their undersigned counsel, for this class action complaint against

Defendant Normandin's d/b/a Normandin Chrysler Jeep Dodge Ram and its present, former, or

future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related

entities, and Defendant OneCommand, Inc., and its present, former, or future direct and indirect

1 parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively

2 referred to as "Defendants") allege as follows:

3 **I.     INTRODUCTION**

4      1.     <u>Nature of Action</u>.  Plaintiffs, individually and as class representatives for all

5 others similarly situated, bring this action against Defendants for violations of the Telephone

6 Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

7 **II.     PARTIES**

8      2.     <u>Plaintiff Alan Brinker</u>.  Plaintiff Alan Brinker ("Plaintiff Brinker") is a citizen of

9 California, residing in Santa Clara County, California.

10      3.     <u>Plaintiff Austin Rugg</u>.  Plaintiff Austin Rugg ("Plaintiff Rugg") is a citizen of

11 California, residing in San Mateo County, California.

12      4.     <u>Plaintiff Ana Sanders</u>.  Plaintiff Ana Sanders ("Plaintiff Sanders") is a citizen of

13 California, residing in Santa Clara County, California.

14      5.     <u>Defendant Normandin's d/b/a Normandin Chrysler Jeep Dodge Ram</u>.

15 Normandin's d/b/a Normandin Chrysler Jeep Dodge Ram ("Defendant Normandin") is a

16 California corporation with its principal place of business in San Jose, California.  Defendant is

17 registered to do and is doing business in California.

18      6.     <u>Defendant OneCommand</u>.  OneCommand ("Defendant OneCommand") is a

19 Delaware corporation with its principal place of business in Mason, Ohio, which does business

20 throughout the United States, including in California.

21 **III.     JURISDICTION AND VENUE**

22      7.     <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over

23 Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise

24 under the laws of the United States, specifically 47 U.S.C. § 227.

25

26

27

1    8.    _Personal Jurisdiction_.  This Court has personal jurisdiction over Defendants

2    because they do business in California, and the wrongful acts alleged in this Complaint were

3    committed in California.  In addition, Defendant Normandin is a California corporation.

4    9.    _Venue_.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that

5    a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this

6    District.

7    **IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

8    10.    In 1991, Congress enacted the TCPA in response to a growing number of

9    consumer complaints regarding certain telemarketing practices.

10   11.    The TCPA makes it unlawful "to make any call (other than a call made for

11   emergency purposes or made with the prior express consent of the called party) using an

12   automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

13   number assigned to a … cellular telephone service."  _See_ 47 U.S.C. § 227(b)(1)(A)(iii).

14   12.    For calls made on or after October 16, 2013, the FCC requires written prior

15   consent for prerecorded telemarketing or advertising telephone calls.  47 C.F.R. § 64.1200(a)(2);

16   (f)(8); _see also In the Matter of Rules and Regs. Implementing the Tel. Consumer Prot. Act of_

17   _1992_, 27 F.C.C.R. 1830, 1874 (2012).  "Prior written consent" means "an agreement, in writing,

18   bearing the signature of the person called that clearly authorizes the seller to deliver or cause to

19   be delivered to the person called advertisements or telemarketing messages using an automatic

20   telephone dialing system or an artificial or prerecorded voice, and the telephone number to which

21   the signatory authorizes such advertisements or telemarketing messages to be delivered."  47

22   C.F.R. § 64.1200(f)(8).  The written agreement must include "a clear and conspicuous disclosure

23   informing the person signing that: (A) By executing the agreement, such person authorizes the

24   seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic

25   telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required

26

27

to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services." 47 C.F.R. § 64.1200(f)(8).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

15. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013).

## V.     FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendants**

16. Defendant Normandin owns and operates an automobile dealership in San Jose, California, doing business as Normandin Chrysler Jeep Dodge Ram.

17. In addition to selling and leasing new and used automobiles, Defendant Normandin's website explains that their "services include trusted Chrysler Jeep RAM and Dodge car repair" and offers "original Chrysler Jeep RAM and Dodge parts." *See* http://www.normandinchryslerjeep.net/about-us/ (last visited July 25, 2017).

18. Defendant OneCommand is an automotive marketing and advertising company. It holds itself out to be the "successful dealer's secret weapon for delivering consistent results in their Sales and Service departments." *See* http://www.onecommand.com/who-we-are (last visited July 25, 2017).

19. Every day, Defendant OneCommand "sends over 1,000,000 communications on behalf of [its] clients." *Id.*

20. Defendant Normandin contracted with Defendant OneCommand to increase the volume of its customers.

21. Part of the Defendant OneCommand's strategy for increasing the volume of Defendant Normandin's customers involves the use of telephone solicitation calls, including ATDS generated and/or automated or prerecorded calls.

22. Defendant Normandin provides contact information from service center customers, potential car buyers, and other leads to Defendant OneCommand for purposes of telemarketing Defendant Normandin's goods and services.

23. Defendant Normandin is legally responsible for ensuring that Defendant OneCommand's telephone solicitation activities comply with the TCPA, even if Defendant Normandin does not make the calls itself.

24. The FCC concurs that sellers such as Defendant Normandin may not avoid liability by outsourcing telemarketing because doing so "would leave consumers in many cases without an effective remedy for telemarketing intrusions." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 (2013).

25. Under the standards outlined in the FCC's Order, and by other Courts interpreting that Order, Defendant Normandin is directly liable to Plaintiffs and members of the Class as well as vicariously liable through theories of agency such as actual authority and ratification.

26. Although Defendant OneCommand made the calls to Plaintiffs, Defendant Normandin also participated in the calls by providing contact information and setting the guidelines and parameters for customers who would be acceptable for Defendant OneCommand to market Defendant Normandin's services to.

27. Defendant Normandin ratified Defendant OneCommand's actions by accepting the benefits of Defendant OneCommand's activities through accepting prospective customers generated by Defendant OneCommand through its illegal telephone solicitation activities.

**B.    Factual Allegations Regarding Plaintiff Brinker**

28.    On or around March 2014, Plaintiff Brinker received a telephone call made by Defendant OneCommand on behalf of Defendant Normandin on his cellular telephone.

29.    The call consisted of a prerecorded message which provided:

> Hello.  I'm calling on behalf of Normandin Chrysler Jeep Dodge. Our records show that you may have missed routine maintenance that is recommended for your vehicle.  Proper maintenance of your vehicle is recommended by your manufacturer to insure its performance and longevity.  If we can answer any questions regarding your vehicle's maintenance needs please contact us at (408) 266-9500.  Thanks very much and have a great day.

30.    The prerecorded message did not specify which of Plaintiff Brinker's vehicles was allegedly in need of routine maintenance.

31.    Plaintiff Brinker did not provide prior express consent to receive prerecorded telephone calls on his cellular telephone from either Defendant.

32.    Defendant OneCommand made the above-described automated call.

33.    Plaintiff Brinker's privacy has been violated by the above-described call from, or on behalf of, Defendants and it constitutes a nuisance as it is annoying and harassing.

34.    Defendants, in concert, have made thousands of automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

35.    Defendants intend to continue to make similar automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

**C.    Factual Allegations Regarding Plaintiff Rugg**

36.    Plaintiff Rugg is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

37.    In or around 2014, Plaintiff Rugg had his vehicle serviced by Defendant Normandin.

38. After having his vehicle serviced in 2014, Plaintiff Rugg received approximately five (5) telephone solicitation calls on his cellular telephone, number (408) 309-XXXX, made by Defendant OneCommand on behalf of Defendant Normandin.

39. Each of the calls was initiated for purposes of marketing Normandin's services.

40. Each of the calls consisted of a prerecorded message stating words to the effect that Plaintiff Rugg's vehicle was overdue for service.

41. On information and belief, the script of prerecorded message was very similar, or identical, to the message in paragraph 29, above.

42. Defendant OneCommand made the above-described automated and/or prerecorded calls.

43. Plaintiff Rugg did not provide prior express consent to receive automated and/or prerecorded calls on his cellular telephone from, or on behalf of, Defendants.

44. Plaintiff Rugg's privacy has been violated by the above-described calls from, or on behalf of, Defendants and they constitute a nuisance as they are annoying and harassing.

45. Defendants, in concert, have made thousands of automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

46. Defendants intend to continue to make similar automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

**D. Factual Allegations Regarding Plaintiff Sanders**

47. In or around 2014, Plaintiff Sanders had her vehicle serviced by Defendant Normandin.

48. After having her vehicle serviced in 2014, Plaintiff Sanders received approximately five (5) to six (6) telephone solicitation calls on her cellular telephone, number (408) 499-XXXX, made by Defendant OneCommand on behalf of Defendant Normandin.

49. Each of the calls was initiated for purposes of marketing Normandin's services.

50. Each of the calls consisted of a prerecorded message stating words to the effect that Plaintiff Sanders' vehicle was overdue for service.

51. On information and belief, the script of prerecorded message was very similar, or identical, to the message in paragraph 29, above.

52. Defendant OneCommand made the above-described automated and/or prerecorded calls.

53. Plaintiff Sanders did not provide prior express consent to receive automated and/or prerecorded calls on her cellular telephone from, or on behalf of, Defendants.

54. Plaintiff Sanders' privacy has been violated by the above-described calls from, or on behalf of, Defendants and they constitute a nuisance as they are annoying and harassing.

55. Defendants, in concert, have made thousands of automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

56. Defendants intend to continue to make similar automated and/or prerecorded calls to persons on their cellular telephones in California and throughout the United States.

57. Plaintiffs and all members of the Class, defined in Paragraph 58, below, have been harmed by the acts of Defendants because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## VI. CLASS ACTION ALLEGATIONS

58. <u>Class Definition</u>. Pursuant to CR 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of the following Class:

> All persons who owned one or more of the 8,313 cellular telephone numbers to which calls were placed by OneCommand on Normandin's behalf on or after October 16, 2013, through the alleged use of any automatic telephone dialing system or with an artificial or prerecorded voice which calls allegedly were not made for emergency purposes or with the recipient's prior express consent.

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family.

59. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has 8,313 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

60. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiffs and the Class to treble damages;

c. Whether Defendants are liable for ATDS generated and/or automated or prerecorded calls promoting Defendants' products and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

d. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

61. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs' claims, like the claims of Class arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

62. <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

63. <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

64. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

65. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiffs allege that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants'

behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.   FIRST CLAIM FOR RELIEF
### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

66.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

67.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class using an ATDS and/or artificial or prerecorded voice.

68.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

69.    Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.   SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

70.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls,

except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of

the Class using an ATDS and/or artificial or prerecorded voice.

72.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or

entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C.

§ 227(b)(1)(A), Plaintiffs and members of the Class are entitled to treble damages of up to

$1,500 for each and every call to their cellular telephone numbers using an ATDS and/or

artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

73.     Plaintiffs and members of the Class are also entitled to and do seek injunctive

relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting

on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls,

except for emergency purposes, to any cellular telephone numbers using an ATDS and/or

artificial or prerecorded voice in the future.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class,

pray for judgment against Defendants as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff Brinker, Plaintiff Rugg, and Plaintiff Sanders as

representatives of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendants and/or their affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendants and/or their affiliates, agents, and/or other related

entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiffs and the Class of damages, as allowed by law;

G.      An award to Plaintiffs and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X.      DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 5th day of October, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Beth E. Terrell, CSB#178181
Beth E. Terrell, CSB #178181
Email:  bterrell@terrellmarshall.com
Mary B. Reiten, CSB #203412
Email:  mreiten@terrellmarshall.com
Adrienne D. McEntee, *Admitted Pro Hac Vice*
Email:  amcentee@terrellmarshall.com
A. Janay Ferguson, *Admitted Pro Hac Vice*
Email:  jferguson@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

Steven M. Tindall, CSB #187862
Email:  smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California  94612-1406
Telephone:  (510) 350-9700
Facsimile: (510) 350-9701

Rob Williamson, *Admitted Pro Hac Vice*
Email:  roblin@williamslaw.com
Kim Williams, *Admitted Pro Hac Vice*
Email:  kwilliams@williamslaw.com
WILLIAMSON & WILLIAMS
2239 West Viewmont Way, West
Seattle, Washington  98199
Telephone:  (206) 295-3085

*Attorneys for Plaintiffs and the Proposed Class*