UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NORMANDIN'S, et al.,<br><br>Defendants. | Case No. 5:14-cv-03007-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 165 |

In this putative class action, Plaintiffs allege that Defendants Normandin's and OneCommand, Inc. placed automated phone calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Before the Court is Plaintiffs' unopposed motion for preliminary approval of the parties' class action settlement. Plaintiffs' motion will be granted.

## I. BACKGROUND

Plaintiffs allege that Normandin's and OneCommand violated the TCPA by placing automated calls to Plaintiffs' phones. Second Am. Class Action Compl. ("SAC") ¶¶ 69–76, Dkt. No. 127. Plaintiff Alan Brinker received one call, which went to voicemail; he listened to the message, called to confirm that Normandin's left the message, and hung up. Id. ¶¶ 27–28; Dkt. No 130 at 3. Plaintiffs Austin Rugg and Ana Sanders each received "approximately five or six" calls; it is unclear whether they answered the calls or listened to voicemail messages. Id. ¶¶ 38–40, 51–53; Dkt. No. 132 at 2.

OneCommand moved to dismiss Plaintiffs' complaint for lack of subject-matter

jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. No. 130. This Court granted OneCommand's motion on the basis that Plaintiffs lacked standing because they failed to allege a concrete injury. Dkt. No. 141. However, Plaintiffs filed a subsequent motion for reconsideration based on new Ninth Circuit authority holding that any violation of the TCPA is a concrete, de facto injury that is sufficient to confer Article III standing. Dkt. No. 145. This Court granted Plaintiffs' motion for reconsideration. Dkt. No. 155.

The parties filed a notice of settlement on July 21, 2017. Dkt. No. 161. Plaintiffs now move for preliminary approval of the class action settlement. Pls.' Mot. for Preliminary Approval of Class Action Settlement ("Mot."), Dkt. No. 165. Defendants do not oppose the motion.

## II. LEGAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement before class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. Id. (citing Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). After the court grants preliminary approval and after notice is given to class members, the court then determines whether final approval is warranted. Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004).

## III. DISCUSSION

### A. Class Certification

A class may be certified if the following four requirements present in Fed. R. Civ. P. 23(a) are met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
2

fairly and adequately protect the interests of the class." In addition, the class action must satisfy the provisions of Fed. R. Civ. P. 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### i. Rule 23(a)

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all parties is impracticable." Fed. R. Civ. P. 23(a)(1). While numerosity is not dependent on a specific number of proposed class members, courts generally find that it is satisfied when the class contains at least forty members. Celano v. Marriott Int'l, Inc., 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, the parties state that the class consists of 8,313 members. Mot. 21. This size far exceeds the forty person class size generally deemed sufficient for numerosity purposes. As such, the court finds that Plaintiffs have made an adequate showing of numerosity.

Rule 23(a)(2) requires a Plaintiff to show that common questions of law and fact are shared by the class members. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Additionally, commonality requires "the plaintiff to demonstrate that the class members have suffered the same injury." Id. (citations and internal quotations omitted). The claims asserted by class members "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 350.

Here, Plaintiffs contend that the commonality requirement is met because the claims of class members raise the following common questions: (1) whether OneCommand used an automated telephone dialing system to call potential consumers' cell phones; (2) whether Normandin's obtained valid prior express consent from consumers; and (3) whether Normandin's is vicariously liable for calls placed by OneCommand. The Court agrees. Since these common

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

3

questions arise out of Defendants' practices of placing automated phone calls, and their answers would resolve all causes of action asserted by the class, the Court finds that Plaintiffs have met the commonality requirements of Rule 23(a)(2).

Rule 23(a)(3) requires that the representative party's claim be "typical of the claim . . . of the class." "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those absent members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Moreover, the typicality requirement is satisfied if Plaintiff's claims "arise from the same remedial and legal theories" as the class claims. Arnold v. United Artists Theatre Cir., Inc., 158 F.R.D. 439, 449 (N.D. Cal. 1994); see also Hanlon, 976 F.2d at 508 ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named Plaintiffs, and whether the other class members have been injured by the same court of conduct.").

Here, Plaintiffs' claims are based on Defendants' practice of placing automated calls. The injuries they allege are substantially identical to the injuries suffered by all class members. As such, the Court finds that Plaintiffs have met the typicality requirement of Rule 23(a)(3).

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." To determine whether a class representative fairly and adequate protects the interests of the class, the court must answer two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between the representatives and absentees." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir. 2011) (citations omitted).

The Court finds, based on the information presented, that Plaintiffs and their counsel do not have conflicts of interest with other class members. The Court also finds that Plaintiffs'

counsel has and will continue to pursue this action vigorously on behalf of the class in light of counsel's reputation, qualifications, and experience representing clients in consumer protection class actions.

### ii. Rule23(b)

Under Rule 23(b)(3), the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available means for fairly and efficiently adjudicating the controversy." "The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class [is] sufficiently cohesive to warrant adjudication by representation." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009) (internal quotations omitted). Regarding superiority, this Court must determine "whether maintenance of this litigation as a class is efficient and whether it is fair" such that litigating this case as a class action is superior to other means of resolving the dispute. Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175–76 (9th Cir. 2010).

With respect to predominance, as stated above, the question of law and fact common to all class members is whether Defendants violated the TCPA by placing autodialed calls to cell phones without the recipients' consent. In light of this common question, the Court finds that the predominance requirement set forth in Rule 23(b)(3) is satisfied.

With respect to superiority, each class member's potential recovery is $500 in statutory damages for each TCPA violation (or $1500 per violation if the violation was willful). 47 U.S.C. § 227(b)(3)(B), (C). These amounts are substantially less than the amount it would cost each class member to pursue an independent legal action. Most class members would be deterred from filing suits and seeking recovery. As such, Plaintiffs have shown that a class action is the most efficient and effective means of resolving this controversy.

### B. Preliminary Fairness Determination

The settlement agreement contains the following major components:

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

5

- Each of the 8,313 class members may submit a claim for either (1) a certificate in the amount of $90 for one-time purchase of goods and/or services, or (2) $40 in cash.
- Plaintiff Brinker will receive a service award of $10,000. Plaintiffs Rugg and Sanders will receive $1,000 each.
- Defendants will be enjoined from committing further TCPA violations and will train and instruct their employees regarding the requirements of the TCPA.
- Plaintiffs' counsel seeks, and Defendants do not oppose, an award of $150,000 in attorneys' fees and costs. Approval of the settlement is not contingent on approval of the fees and costs award, and fees and costs are to be paid by Defendants separately from the relief to the settlement class.

"The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." In re Haier Freezer Consumer Litig., No. 5:11-CV-02911-EJD, 2013 WL 2237890, at *5 (N.D. Cal. May 21, 2013). Rule 23(e)(1)(C) requires courts to scrutinize the settlement agreement to ensure that it is "fair, reasonable, and adequate." The burden to establish fairness rests with the parties seeking settlement. Haier, 2013 WL 2237890, at *5. The relevant factors for the fairness inquiry are: "(1) strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation, (3) the risk of maintaining class action status throughout the trial, (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the stage of the proceedings; and (7) the experience and views of counsel." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

Here, since the settlement occurred before formal class certification, the settlement approval requires a higher standard of fairness to ensure that class representatives and their counsel do not disproportionately benefit at the expense of the class. Lane v. Facebook, Inc., 696 F.3d 811, 819 (9th Cir. 2012).

The Court has reviewed the settlement agreement and finds that several factors support a

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

6

finding of fairness. First, the settlement was reached after significant effort expended by the parties. Plaintiffs engaged in substantial written discovery to learn the details of Normandin's and OneCommand's telemarketing practices, and to learn the identities of the class members. The parties also participated in a day-long mediation with former Chief Magistrate Judge Edward A. Infante. Second, the parties have considered the risks, complexity, and challenges associated with protracted litigation. Factors that might contribute to lengthy litigation include the question of whether Defendants can establish that Plaintiffs consented to receive phone calls from Defendants, and whether Defendants can establish that the messages were made for informational rather than telemarketing purposes. Third, Plaintiffs' counsel's experience as class action litigators supports the settlement. Fourth, Defendants have agreed to stop engaging in the practices underlying this lawsuit.

However, one factor that weighs against the settlement is the amount of the benefit to be paid to class members. $40 in cash (or $90 in the form of a certificate for goods and/or services) is substantially less than the $500 in statutory damages for a TCPA violation (or $1500 for a willful violation) that each member could obtain. As discussed above, however, the cost to each member of pursuing a separate claim would likely exceed any amount that could be recovered in statutory damages.

A class settlement does not need to contain the best possible terms. At this stage, the Court need only determine whether the settlement terms fall within a reasonable range of possible settlements. Hanlon, 150 F.3d at 1027; see also In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1079. Here, a thorough review of the proposed settlement demonstrates that the remedies fall within a reasonable range.

As such, since the factors favoring approval of the settlement outweigh the factors that support a finding to the contrary, the Court grants preliminary approval of the proposed settlement agreement.

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

7

### C. Class Notice and Settlement Administration

Rule 23(c)(2)(B) requires parties to provide class members with "the best notice . . . practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires provision of reasonable notice to all class members that would be bound by the proposed settlement. "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Churchill Vill., L.L.C. v. Ge. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (citations and internal quotations omitted).

The parties have agreed to directly notify class members via physical mail. Dkt. No. 166 Ex. 1 at 9–11. Notices will be sent to class members at their most recent mailing address as reflected in Defendants' records. Id. The settlement administrator shall also create and maintain a website through which settlement class members may submit online claims. Id. Class members may also submit a claim by returning the physical notice. Id. Class members will have sixty days from the date of initial mailing to submit a claim or to request to be excluded from the settlement class. Id.

The parties have selected Kurtzman Carson Consultants as the Settlement Administrator. The administrator will be receive payment from Defendant and will be responsible for disseminating class notice, processing claims, disseminating settlement benefits as set forth in Section III of the settlement agreement. Dkt. No. 166 Ex. 1 at 7–20. The Court finds that the parties' notice and administration plan meets the requirements of Rule 23(c)(2)(B).

### IV. CONCLUSION

The Court finds that the terms of settlement fair, reasonable, and adequate under Rule23(e). The motion for preliminary approval of settlement is GRANTED as follows:

1. The proposed class is certified for settlement purposes only as per subsections (a) and (b)(3) of Rule 23 and 29 U.S.C. § 216(b).

2. The law firm of Terrell Marshall Law Group PLLC is appointed as class counsel under

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

8

Rule 23(g).

3. Plaintiffs Alan Brinker, Austin Rugg, and Ana Sanders are approved to act as class representatives for settlement purposes only.

4. The notice plan and the contents of the forms of notice to the settlement agreement as set forth in settlement agreement § III.F, and in Exhibits B and C to the Terrell Declaration, are approved under subsections (c)(2)(B) and (e) of Rule 23.

5. Kurtzman Carson Consultants is appointed as Settlement Administrator and hereby directed to carry out the duties and responsibilities of the administrator as specified in the settlement agreement.

7. All non-settlement related proceedings in the litigation are hereby stayed pending final approval of the settlement agreement.

8. A hearing on the final approval of class action settlement shall be held before this court on March 29, 2018, at 10:00 a.m. Class counsel shall file brief(s) requesting final approval of the settlement agreement, attorneys' fees award, and incentive award no later than 35 calendar days before the final approval hearing. All other applicable dates shall be established by the settlement agreement.

**IT IS SO ORDERED.**

Dated: November 16, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03007-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

9