Beth E. Terrell, CSB #178181
Email:  bterrell@terrellmarshall.com
Mary B. Reiten, CSB #203412
Email:  mreiten@terrellmarshall.com
Adrienne D. McEntee, Admitted Pro Hac Vice
Email:  amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, AUSTIN RUGG, and ANA SANDERS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>NORMANDIN'S, a California corporation, d/b/a NORMANDIN CHRYSLER JEEP DODGE RAM, and ONECOMMAND, INC.,<br><br>　　　　　　　Defendants. | NO.  5:14-cv-03007-EJD-HRL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES, COSTS AND SERVICE AWARDS**<br><br>JURY TRIAL DEMAND<br><br>HON. EDWARD J. DAVILA<br><br>Complaint Filed:  July 1, 2014<br><br>DATE:　　　　March 29, 2018<br>TIME:　　　　10:00 a.m.<br>LOCATION:　Courtroom 4 – 5th Floor |

TO:　　DEFENDANTS NORMANDIN'S, a California corporation, d/b/A NORMANDIN
　　　　CHRYSLER JEEP DODGE RAM, and ONECOMMAND, INC., AND THEIR
　　　　ATTORNEYS OF RECORD:

1    PLEASE TAKE NOTICE that on March 29, 2018, at 10:00 a.m., in Courtroom 4, 5th

2    Floor, of the U.S. District Court for the Northern District of California, 280 South 1st Street, San

3    Jose, California, 95113, Plaintiffs will move for attorney's fees and costs.

4    This motion will be based on: this Notice of Motion, the following Memorandum of

5    Points and Authorities, Declaration of Beth E. Terrell, Joint Declaration of Rob Williamson and

6    Kim Williams, Declaration of Michael F. Ram, Declaration of Alan L. Brinker, the records and

7    file in this action; and on such other matter as may be presented before or at the hearing of the

8    motion.

27   PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
     AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
     ATTORNEYS FEES AND COSTS
     Case No. 5:14-cv-03007-EJD-HRL

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...........................................................................................1

II.    STATEMENT OF FACTS ..............................................................................2

     A.     Counsel's work .................................................................................2

     B.     The Settlement .................................................................................5

III.   ARGUMENT AND AUTHORITY ..................................................................6

     A.     Counsel are entitled to recover reasonable attorneys' fees................6

     B.     Counsel's fee request is the result of arms' length negotiations and does not reduce the class relief in any way..........................................7

     C.     The lodestar method confirms that the requested fee is reasonable...................8

          1.     The amount of time spent by counsel is reasonable ..............................8

          2.     Counsel's hourly rates are reasonable.................................................10

          3.     Counsel's requested fee reflects a "negative" multiplier....................11

     D.     Counsel's fee request reflects a reasonable percentage of the Settlement's estimated total value ........................................................................12

     E.     The payment of costs is fair and reasonable ....................................13

     F.     The service awards requested for the name Plaintiffs are reasonable .............14

IV.    CONCLUSION...............................................................................................15

**<u>TABLE OF AUTHORITIES</u>**

**Page**

*Armstrong v. Brown*,
   805 F. Supp. 2d 918 (N.D. Cal. 2011) .......................................................................10

*Arthur v. Sallie Mae, Inc.*,
   No. 10–198, 2012 WL 4076119 (W.D. Wash. Sep.17, 2012) ....................................13

*Chun-Hoon v. Mckee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010) .......................................................................11

*Contreras v. Performance Food Grp., Inc.*,
   No. 4:14-CV-03380-PJH, 2016 WL 9138157 (N.D. Cal. May 4, 2016)....................15

*Deloach v. Philip Morris Cos.*,
   No. 1:00CV01235, 2003 WL 23094907 (M.D.N.C. Dec. 19, 2003)............................8

*Dyer v. Wells Fargo Bank, N.A.*,
   303 F.R.D. 326 (N.D. Cal. 2014) ...............................................................................15

*Garcia v. Gordon Trucking, Inc.*,
   No. 10–324, 2012 WL 5364575 (E.D. Cal. Oct.31, 2012) .........................................12

*Gong-Chun v. Aetna*,
   No. 1:09-CV-01995-SKO, 2012 WL 2872788 (E.D. Cal. Jul. 12, 2012)....................11

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ...................................................................................10

*Hall v. Cole*,
   412 U.S. 1 (1973)...........................................................................................................6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ......................................................................................8

*Hartless v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011) ...............................................................................14

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)....................................................................................................7, 8

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir.2011) ......................................................................................7, 8

*In re Google Referrer Header Privacy Litig.*,
    87 F. Supp. 3d 1122 (N.D. Cal. 2015) ........................................................................10

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) .......................................................................13

*In re Magsafe Apple Power Adapter Litig.*,
    No. 5:091-CV-01911-EJD, 2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ....................10

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ......................................................................................13

*In re Sony SXRD Rear Projection Television Class Action Litig.*,
    No. 06 Civ. 5173(RPP), 2008 WL 1956267 (S.D.N.Y. May 1, 2008) ..........................7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ........................................................................................8

*Jones v. Agilysys, Inc.*,
    Case No: C 12-03516 SBA, 2014 WL 2090034 (N.D. Cal. May 19, 2014) ...............14

*Khanna v. Intercon Sec. Sys., Inc.*,
    2014 WL 1379861 (E.D. Cal. Apr. 8, 2014) ...............................................................12

*Lewis v. Anderson*,
    692 F.2d 1267 (9th Cir. 1982) ......................................................................................6

*Mills v. Elec. Auto–Lite Co.*,
    396 U.S. 375 (1970) ......................................................................................................6

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ......................................................................................9

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................................14

*Rosado v. Ebay Inc.*,
    No. 5:12-cv-04005-EJD, 2016 WL 3401987 (N.D. Cal. June 21, 2016) .............10, 11

*Rose v. Bank of Am. Corp.*,
    No. 5:11-CV-02390-EJD, 5:12-CV-04009-EJD,
    2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ..........................................................10

*Singer v. Becton Dickinson & Co.*,
    No. 08–821, 2010 WL 2196104 (S.D. Cal. Jun.1, 2010)...............................................12

*Spokeo, Inc. v. Robins*,
    136 S.Ct. 1540 (2016)...............................................................................................4

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................7, 8, 13

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) ...............................................................................12

*Weeks v. Kellogg Co.*,
    No. CV 09-08102 MMM RZX, 2013 WL 6531177 (C.D. Cal. Nov. 23, 2013) ..........15

*Welch v. Metro. Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007) ...................................................................................11

*Williamson v. McAfee, Inc.*,
    Case No. 5:14-cv-00158-EJD, ECF Dkt. No. 114 (N.D. Cal. Feb. 3, 2017)................12

**FEDERAL RULES**

Fed. R. Civ. P. 23(h) ..............................................................................................................7

**FEDERAL STATUTES**

47 U.S.C. § 227(b)(1)(A)........................................................................................................2

# I.  INTRODUCTION

Counsel[1] submit this motion for an award of $150,000 in attorneys' fees and out-of-pocket costs, and service awards for Plaintiffs Alan Brinker, Austin Rugg, and Ana Sanders for services they rendered to the Settlement Class by stepping forward to bring this case. Pursuant to the Settlement Agreement, Defendants Normandin's and OneCommand (collectively, "Defendants") will pay Court-awarded attorneys' fees, costs, and service awards <u>in addition</u> to the relief Defendants will provide to Settlement Class Members. Thus, approving counsel's request will in no way reduce the relief available to Settlement Class Members.

Counsel spent over 1,200 hours prosecuting this action, which involved extensive discovery and discovery disputes, depositions, a fully-briefed motion for class certification, a motion to dismiss that was initially granted and subsequently reversed upon reconsideration, and third-party discovery. All told, counsel have incurred $745,920 in fees.[2] In addition, counsel have paid $41,065.40 in out-of-pocket costs for a total of $786,985.40. However, counsel seek only $150,000, a fraction of their total lodestar and costs. Where, as here, a settlement does not create a "common fund," courts rely on the "lodestar" method of calculating a reasonable fee, which requires the court to multiply the reasonable hours expended on the litigation with a reasonable hourly rate.

Further, both equitable principles and a "percentage-of-the fund cross check" confirm that counsel's requested fee is reasonable. Each of the 8,313 members of the Settlement Class will receive either a $90 certificate or a $40 cash payment; Defendants will separately pay all administration expenses, which are estimated at $29,000; and, if approved, Defendants will pay a total of $12,000 in service awards to the Plaintiffs. Depending on whether Settlement Class

---

[1] Class Counsel Terrell Marshall Law Group, PLLC bring this motion on its own behalf, and on behalf of co-counsel, Michael F. Ram, Rob Williamson, and Kim Williams.

[2] In their motion for preliminary approval, Plaintiffs represented that fees were approximately $660,000 and costs were approximately $40,000. These were estimates. After more complete analysis of time entries, Plaintiffs' lodestar is slightly higher than originally estimated. However, counsel's request for $150,000 in attorneys' fees is unaffected by the higher lodestar number.

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 1
CASE NO. 5:14-CV-03007-EJD-HRL

1 Members submit claims for certificates or cash, the Settlement's total value ranges from

2 $523,520 to $939,170.[3] The benefit counsel achieved for the Settlement Class in light of the risks

3 of continued litigation supports counsel's requested fee.

4   Counsel's request for a service award to the named Plaintiffs also should be granted. Mr.

5 Brinker has actively participated in this action since its inception. He has responded to written

6 discovery requests, actively assisted in counsel's investigation, sat for a deposition, attended

7 mediation, and was ready and willing to testify at trial. A $10,000 service award for his efforts is

8 appropriate. Plaintiffs Rugg and Sanders also stepped forward to represent the Settlement Class

9 and were prepared to participate as needed in this litigation on behalf of the Settlement Class.

10 $1,000 awards for these two later-added Plaintiffs are reasonable.

11   For these reasons, and as detailed below, counsel respectfully request that the Court grant

12 their motion and award fees and costs in full, as well as payment of the service award to

13 Plaintiffs.

14     **II.  STATEMENT OF FACTS**

15 **A. Counsel's work**

16   Normandin's owns and operates an automobile dealership in San Jose. OneCommand, an

17 automotive marketing and advertising company, executed telephone campaigns on Normandin's

18 behalf. Plaintiffs allege that Defendants made calls to their cell phones without their consent, and

19 that the calls violated the TCPA, which prohibits calls made through the use of an automatic

20 telephone dialing system or prerecorded voice to a cellular telephone number. *See* 47 U.S.C.

21 § 227(b)(1)(A). On July 1, 2014, Plaintiff Alan Brinker filed a class action complaint, seeking to

22 represent a nationwide class of consumers who received automated or prerecorded calls from

23 Normandin's.

24

25

---

26 [3] $523,520 = Cash Value ($332,520) + Fees and Costs ($150,000) + Service Awards ($12,000) + Notice Expenses ($29,000); $939,170 = Cash Value Certificates ($748,170) + Fees and Costs

27 ($150,000) + Service Award ($12,000) + Notice Expenses ($29,000).

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 2
CASE NO. 5:14-CV-03007-EJD-HRL

Counsel have worked for more than three years to prosecute this action and obtain a settlement for the benefit of the Settlement Class. *See* Declaration of Beth E. Terrell in support of Motion for Attorneys' Fees, Costs, and Service Awards ("Terrell Decl.") ¶ 23. Shortly after filing, counsel propounded written discovery requests designed to elicit information regarding Normandin's telemarketing policies and practices, the scripts Normandin's used, and any electronic records that Normandin's maintained documenting the calls. *Id.* Through these requests, counsel learned that Normandin's retained a third-party vendor called OneCommand to place the calls and that OneCommand maintained records relating to calls placed on Normandin's behalf. *Id.*

To obtain these crucial electronic call records, which identify the telephone number to which the call was placed as well as the call date, counsel sent a subpoena to OneCommand. OneCommand initially produced a list of approximately 5,800 cellular telephone numbers that received the same types of calls as those received by Plaintiff Brinker. *Id.* ¶ 24. However, OneCommand did not produce information relating to these calls, including the number of calls placed to each telephone number, and the dates of the calls. *Id.* Rather than initiate an action to enforce the subpoena in Ohio, where OneCommand is based, Plaintiff Brinker successfully moved to add OneCommand as a Defendant. *Id.* Following Plaintiff Brinker's motion to compel, the Court ordered OneCommand to produce complete calling data, which it did, identifying 8,313 cell phone numbers that were called by OneCommand on Normandin's behalf on or after October 16, 2013. *Id.*

Plaintiffs also reviewed approximately seventy-five thousand pages of documents produced by Normandin's and OneCommand, deposed three key individuals responsible for Normandin's operations, and deposed two key individuals responsible for OneCommand's operations, OneCommand's Chief Compliance Officer and Vice President of Information Technology. *Id.* ¶ 25. Because Defendants blamed one another for the alleged failure to comply with the TCPA, Plaintiffs also engaged in third party discovery directed at understanding the

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 3
CASE NO. 5:14-CV-03007-EJD-HRL

contractual relationship between Defendants and any controlling or affiliated companies that could potentially bear responsibility for Plaintiffs' claims. *Id.* ¶ 26.

On April 20, 2016, the parties voluntarily participated in a full-day mediation with experienced JAMS mediator and former Chief Magistrate Judge of the Northern District of California, Edward A. Infante. *Id.* ¶ 27. The parties submitted detailed mediation briefs and, during the mediation session, discussed their relative views of the law and the facts and potential relief for the proposed class. *Id.* Defendants emphasized their position that proposed class members had consented to receive informational calls by providing their telephone numbers to Normandin's, or consented to receive telemarketing calls by providing written prior express consent in sales contracts or leases. *Id.*

The parties made significant progress toward resolution during their mediation with Judge Infante, but the mediation did not result in an agreement. *Id.* ¶ 28. Afterward, the parties continued to work toward settlement, but also steadfastly litigated the case. *Id.* Just weeks prior to mediation, Plaintiffs moved for class certification, and also to amend the complaint to add Plaintiffs Austin Rugg and Ana Sanders and new TCPA claims based on calls made to individuals on the National Do-Not-Call Registry. *Id.*

In addition, one month after mediation, the Supreme Court released its decision in *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016), in which it held that a consumer could not satisfy the injury-in-fact demands of Article III standing by alleging a bare procedural violation of the Fair Credit Reporting Act. *Id.* ¶ 29. In response, OneCommand moved to dismiss for lack of Article III standing. Plaintiffs opposed the motion. *Id.* During the four-month period in which the motion was pending, the parties came very close to reaching a settlement. *Id.* Those negotiations came to a standstill when the Court granted OneCommand's motion. *Id.* Following the Court's April 2017 order granting Plaintiffs' request for reconsideration, the parties were finally able to reach agreement on all material terms. *Id.*

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 4
CASE NO. 5:14-CV-03007-EJD-HRL

### B.    The Settlement

Under the Settlement Agreement, those Settlement Class Members who submit valid, timely claims will receive their choice of a $90 certificate redeemable at Normandin's for the one-time purchase of goods and/or services, or for cash in the amount of $40. The terms of the Settlement Agreement are more fully laid out in Plaintiffs' Motion for Preliminary Approval, Dkt. No. 165, and in the Settlement Agreement, Dkt. No. 166, Ex. 1.

Counsel achieved an excellent result for the Settlement Class. Early claims rate data indicates that Settlement Class Members believe the Settlement offers them a valuable benefit. Out of 8,313 members of the Settlement Class, 3,314 had submitted claims as of January 12, 2018, representing a claims rate of nearly 40%, with more than one month remaining before the February 13, 2018 deadline. Terrell Decl. ¶ 30. No Settlement Class Members have opted out or objected. *Id.*

The Settlement Agreement provides that in connection with obtaining preliminary and final approval of the Settlement Agreement, Plaintiffs' counsel will request that the Court approve an award of $150,000 for attorneys' fees and costs to compensate and reimburse them for all of the work already performed in this case and all of the work remaining to be performed in connection with the Settlement. Dkt. No. 166, Ex. 1, § III.J. The enforceability of the Settlement is not contingent on Court approval of an award of attorneys' fees and costs. *Id.* Defendants will pay any Court-awarded attorneys' fees and expenses separate and apart from the relief to the Settlement Class. *Id.*

As part of the Settlement Agreement, Defendants have also agreed to pay service awards to Plaintiffs, subject to the Court's approval. Plaintiffs request that the Court award Mr. Brinker a service award of $10,000. *Id.* § III.I. This award will compensate Mr. Brinker for his time and effort serving as a class representative, for the risks he undertook in prosecuting the case, and the substantial time he spent working with counsel, sitting for a deposition, responding to discovery requests, attending mediation, participating in settlement discussions, and thoroughly reviewing the Settlement Agreement. *See* Declaration of Alan Brinker in support of Motion for Attorneys'

Fees, Costs, and Service Awards ("Brinker Decl.") ¶¶ 2-7. Plaintiffs also request that the Court award Mr. Rugg and Ms. Sanders service awards of $1,000 each for the risks they incurred in prosecuting the case. Dkt. No. 166, Ex. 1, § III.I. Defendants will make any service award payments separate and apart from the other relief for the Settlement Class. *Id.*

## III.  ARGUMENT AND AUTHORITY

### A.    Counsel are entitled to recover reasonable attorneys' fees.

Counsel are entitled to a fee award because they have created a substantial benefit for the Settlement Class. *Hall v. Cole*, 412 U.S. 1, 5 (1973) (finding award of attorneys' fees appropriate where "the plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class'") (quoting *Mills v. Elec. Auto–Lite Co.*, 396 U.S. 375, 392–95 (1970)); *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982) (finding the "substantial benefit doctrine ... permits a plaintiff to recover attorneys' fees if his action has conferred a substantial benefit upon a class").

Here, the Settlement provides substantial benefits to Settlement Class Members. Those Settlement Class Members who submit valid, timely claims will receive their choice of a $90 non-expiring certificate redeemable at Normandin's for the one-time purchase of goods and/or services, or for cash in the amount of $40. This results in a total potential benefit to the Settlement Class of $332,520 to $748,170. Early claims rate data indicates that Settlement Class Members view the Settlement as providing a valuable benefit. Out of 8,313 members of the Settlement Class, 3,314 had submitted claims as of January 12, 2018, representing a claims rate of nearly 40%, with more than one month remaining before the February 13, 2018 claims deadline. Terrell Decl. ¶ 30. No Settlement Class Members have opted out or objected. *Id.* Counsel are entitled to reasonable attorneys' fees and costs for obtaining these benefits for the Settlement Class.

**B.    Counsel's fee request is the result of arms' length negotiations and does not reduce the class relief in any way.**

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Thus, when attorneys' fees and costs are requested by counsel for the class, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir.2011). That said, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06 Civ. 5173(RPP), 2008 WL 1956267, at *15 (S.D.N.Y. May 1, 2008) ("The negotiation of attorneys' fees is generally encouraged.").

It is especially appropriate that the fee request not result in additional major litigation in cases, such as here, in which the fee was negotiated *after* the benefits to the Settlement Class, and will be paid by Defendants separately from and without reducing the benefits to the Settlement Class. Terrell Decl. ¶ 34. When attorneys' fees are to be paid out of an agreed common fund, defendants have no incentive to minimize those fees. In this case, by contrast, Defendants had every interest in minimizing the fee, to keep down its total payout. Counsel's interest was in maximizing the amount. Under these circumstances, where the fee was negotiated at arm's length, "the court need not inquire into the reasonableness of the fees . . . with precisely the same level of scrutiny as when the fee amount is litigated." *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003).

Moreover, any reduction in the fee and cost amount awarded to counsel would not benefit the Settlement Class, but would instead benefit only Defendants. The Court's fiduciary obligation to the Settlement Class Members does not include an obligation to protect Defendants' interests, since they are represented by counsel and agreed to the negotiated fee amount.

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 7
CASE NO. 5:14-CV-03007-EJD-HRL

C.    **The lodestar method confirms that the requested fee is reasonable.**

Even though a reduction in the requested fee would not benefit the Settlement Class, the Court must still decide whether the requested fee is reasonable. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941 (finding that a court must "assess fully the reasonableness of the fee request") (citing *Staton*, 327 F.3d at 963-64)). Where, as here, a defendant pays the fees separately, the lodestar method is generally preferred. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (noting courts use the lodestar method where it is difficult to determine the value of the settlement); *Deloach v. Philip Morris Cos.*, No. 1:00CV01235, 2003 WL 23094907, at *4 (M.D.N.C. Dec. 19, 2003) (finding it more appropriate to use the lodestar methodology in awarding attorneys' fees where no common fund exists).

The lodestar method provides courts an objective basis upon which to determine the value of the services provided by counsel. *Hensley,* 461 U.S. at 433. To calculate a lodestar amount, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1295 n.2 (9th Cir. 1994) (citations omitted). The court may then enhance the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Id.*; *see also Hanlon*, 150 F.3d at 1029 (a lodestar figure "may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment").

Here, counsel seek an award of $150,000 in fees and costs, which represents a negative multiplier of 0.19. In other words, counsel seek substantially less than the $786,985,40 in fees and costs they have incurred prosecuting this action to date. For the following reasons, counsel's requested fee is reasonable.

1.    <u>The amount of time spent by counsel is reasonable.</u>

Under the lodestar approach, the court should first decide whether the amount of time reported by counsel is reasonable. With this motion, counsel for Plaintiffs and the Settlement Class have submitted declarations setting forth detailed summaries of the substantial work

1  counsel performed from inception of the litigation to the filing of the instant motion. *See* Terrell

2  Decl. ¶¶ 16-33; Joint Declaration of Rob Williamson and Kim Williams in support of Motion for

3  Attorneys' Fees, Costs, and Service Awards ("Williamson/Williams Decl.") ¶¶ 13-15;

4  Declaration of Michael F. Ram in support of Motion for Attorneys' Fees, Costs, and Service

5  Awards ("Ram Decl.") ¶¶ 8-14 and Exs. A-C.

6       Since the inception of this case more than three years ago, counsel have worked

7  diligently to prosecute this action on behalf of the Settlement Class. Counsel engaged in

8  substantial written discovery, including filing several motions to compel to present disputed

9  discovery issues to the Court. *See* Terrell Decl. ¶¶ 17, 24; Williamson/Williams Decl. ¶ 13.

10 Counsel reviewed over seventy-five thousand pages of documents and took five depositions.

11 Terrell Decl. ¶ 25. Counsel also fully briefed a class certification motion, a process that clarified

12 the evidence and crystalized the claims and defenses. *Id.* ¶¶ 17, 28. Finally, Plaintiffs responded

13 to Defendants' motion to dismiss, and after the Court granted Defendants' motion, successfully

14 moved for reconsideration. *Id.* ¶¶ 17, 29. It was only after Plaintiffs were successful on their

15 motion for reconsideration that the parties were able to settle this action. *Id.* ¶ 29.

16      In total, counsel dedicated over 1,200 hours to the investigation, development, litigation,

17 and resolution of this case. *See* Terrell Decl. ¶ 17; Williamson/Williams Decl. ¶ 13; Ram Decl.,

18 Ex. B. And, as in every case, counsel will spend additional hours to see this case through to its

19 final resolution, including the work necessary to prepare the motion for final approval, attend the

20 hearing on final approval, and ensure the claims process is properly carried out.

21      Throughout this case, counsel prosecuted Plaintiffs' claims efficiently and effectively.

22 Knowing it was possible they would never be paid for their work, counsel had no incentive to act

23 in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d

24 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency

25 cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the

26 amount of the fee."). That said, counsel took their charge seriously and endeavored to represent

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 9
CASE NO. 5:14-CV-03007-EJD-HRL

the interests of the Settlement Class Members to the greatest extent possible. Counsel submit that the over 1,200 hours underlying this fee application were reasonably spent.

        2.   <u>Counsel's hourly rates are reasonable.</u>

In determining a reasonable hourly rate, courts look at the prevailing market rates in the relevant community, which is the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "In the instant case, the court will consider prevailing market rates in the Bay Area, which falls within the Northern District of California." *Rosado v. Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987, at *7 (N.D. Cal. June 21, 2016). In this district, courts typically approve as reasonable hourly rates billed by partners up to $800, and by associates up to $510. *See In re Magsafe Apple Power Adapter Litig.*, No. 5:091-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (citing *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-21 (N.D. Cal. 2011) (finding that a range of $560 to $800 was a reasonable rate for partners, $285 to $510 for associates, $200 to $240 for paralegals, and $150 to 185 for litigation support staff); *see also Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 5:12-CV-04009-EJD, 2014 WL 4273358, at *7-8 (N.D. Cal. Aug. 29, 2014) (finding hourly rates ranging from $325 to $775 for attorneys and up to $305 for paralegals reasonable); *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122, 1136-37 (N.D. Cal. 2015), *aff'd* 869 F.3d 737 (9th Cir. 2017) (approving lodestar calculations using rates for attorneys ranging from $300 to $685, with a 2.2 multiplier).

Here, as set forth in counsel's declarations, the lodestar calculations of counsel are based on reasonable hourly rates in the range typically approved in this district. *See* Terrell Decl. ¶ 19; Williamson/Williams Decl. ¶ 12; Ram Decl. ¶ 9. Counsel set their rates for attorneys and staff members based on a variety of factors, including, among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. *See* Terrell Decl. ¶ 18. The rates

1  charged for attorneys and staff members working on this matter range from $225.00 to $850.00,

2  with the majority of the work performed by Ms. McEntee at an hourly rate of $575.00; Ms.

3  Ferguson at an hourly rate of $550.00; Ms. Terrell at an hourly rate of $725.00; Mr. Williamson

4  at an hourly rate of $650.00; and Mr. Ram at an hourly rate of $850.00. *See* Terrell Decl. ¶ 17;

5  Williamson/Williams Decl. ¶ 13; Ram Decl., Ex. B. Moreover, these are the hourly rates counsel

6  charge in similar matters, and state and federal courts in other contingent matters, including

7  courts in this district, have approved settlements involving similar hourly rates. *See* Terrell Decl.

8  ¶ 19; Ram Decl. ¶ 9; Williamson/Williams Decl. ¶ 12;

9      Because counsel's hourly rates are in line with rates approved in similar cases in this

10 district, counsel's hourly rates are reasonable and appropriate for calculating the lodestar. *See*

11 *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (affidavits by plaintiffs' counsel

12 and fee awards in other cases are sufficient evidence of prevailing market rates).

13      3.    Counsel's requested fee reflects a "negative" multiplier.

14      A negative multiplier "strongly suggests the reasonableness of the negotiated fee."

15 *Rosado v. Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987, at * 8 (N.D. Cal. June 21,

16 2016) (involving a negative multiplier of .54); *see also Gong-Chun v. Aetna*, No. 1:09-CV-

17 01995-SKO, 2012 WL 2872788, at *23 (E.D. Cal. Jul. 12, 2012) (holding that a negative

18 multiplier of .79 suggests that the negotiated fee award is reasonable); *Chun-Hoon v. Mckee*

19 *Foods Corp.*, 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) (reasoning that a negative multiplier

20 suggests a reasonable and fair valuation of the services provided by counsel).

21      Here, counsel seek an attorneys' fee and cost award of $150,000, which is substantially

22 less than counsel' lodestar of $786,985.40. Thus, the fee requested by counsel already reflects a

23 "negative" multiplier of 0.19 on their total lodestar incurred [$786.985.40 ÷ $150,000 = 0.19].

24 The negative multiplier is likely to go down further given that counsel expect to expend

25 additional hours seeing this case through to final resolution. In light of the range of multipliers

26 approved by courts within this Circuit, counsel's fee request, reflecting a "negative" multiplier

27

equal to less than half of counsel's lodestar, is reasonable based on the contingency of the fee and the quality of the work performed.

**D.      Counsel's fee request reflects a reasonable percentage of the Settlement's estimated total value.**

The percentage-of-recovery method also supports counsel's requested fee because the requested fee represents a reasonable percentage of the Settlement's estimated total value. Depending on whether Settlement Class Members submit claims for certificates or cash, the Settlement's value ranges from $523,520 to $939,170.[4] Further, the high claims rate for this type of case indicates that Settlement Class Members believe the Settlement offers them a valuable benefit. Plaintiffs request an award of $150,000, approximately $40,000 of which will be used to reimburse Plaintiffs' counsel for the out-of-pocket costs incurred prosecuting this litigation. The remaining $110,000 fee amounts to between 11.7% and 21% of the total Settlement value.[5]

This Court has found the percentage of the fund cross check to be reasonable in a similar case. *See Williamson v. McAfee, Inc.*, No. 5:14-cv-00158-EJD, ECF Dkt. No. 114, at *2 (N.D. Cal. Feb. 3, 2017) (approving $2.3 million attorney fee award in certificate settlement where class members received certificates or cash worth, at most, $11.50). Indeed, this range is well below percentages often approved by courts in this circuit, especially when performing a "crosscheck" on the lodestar method. *See, e.g., Khanna v. Intercon Sec. Sys., Inc.*, 2014 WL 1379861, at *12 (E.D. Cal. Apr. 8, 2014) (noting the benchmark in the Ninth Circuit is 25% but that courts have approved fee awards as high as 33% of the fund); *Garcia v. Gordon Trucking, Inc.*, No. 10–324, 2012 WL 5364575, at ** 3, 10 (E.D. Cal. Oct.31, 2012) (33% approved where "Class Counsel litigat[ed] this matter for over two-and-a-half years without any compensation"); *Singer v. Becton Dickinson & Co.*, No. 08–821, 2010 WL 2196104, at ** 2, 9 (S.D. Cal. Jun.1, 2010) (33⅓%); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010)

---

[4] $523,520 = Cash Value ($332,520) + Fees and Costs ($150,000) + Service Awards ($12,000) + Notice Expenses ($29,000); $939,170 = Cash Value Certificates ($748,170) + Fees and Costs ($150,000) + Service Award ($12,000) + Notice Expenses ($29,000).

[5] $110,000 = 21% of $523,520 and 11.7% of $939,170.

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 12
CASE NO. 5:14-CV-03007-EJD-HRL

(33.3%); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (33.33%).

Counsel achieved an excellent result for the Settlement Class. To date, nearly 40% of the Settlement Class Members have submitted claims. Counsel were confident in their ability to succeed at class certification and at trial. Nevertheless, success was by no means guaranteed, especially considering Defendants' vigorous opposition, the strength of their consent defense, and the complexity of the issues involved. Because counsel agreed to prosecute this case on contingency with no guarantee of ever being paid, they faced substantial risk if they proceeded to trial. *See* Terrell Decl. ¶¶ 31-33; Ram Decl. ¶ 9; Williamson/Williams Decl. ¶ 15. For these reasons, counsel's fee request should be granted.

**E.      The payment of costs is fair and reasonable.**

Courts routinely allow reimbursement of out-of-pocket costs in class action settlements. *See* e.g., *Arthur v. Sallie Mae, Inc.*, No. 10–198, 2012 WL 4076119, at *2 (W.D. Wash. Sep.17, 2012) ("The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement.") (citing *Staton*, 327 F.3d at 974). In the Settlement Agreement, Defendants agreed to reimburse counsel for their costs.

Throughout the course of this litigation, counsel incurred out-of-pocket costs totaling $41,065.40. *See* Terrell Decl. ¶ 22; Williamson/Williams Decl. ¶ 13; Ram Decl. Ex. C. The expenses counsel incurred include the following: (1) filing fees; (2) copying, mailing, and messenger expenses; (3) computerized legal research expenses; (4) factual investigation expenses; (5) expert fees; (6) transcript fees; (7) mediation fee; and (8) travel expenses for depositions, hearings, and mediation. Terrell Decl. ¶ 22; Williamson/Williams Decl. ¶ 13; Ram Decl. Ex. C. Counsel put forward these out-of-pocket costs without assurance that they would ever be repaid. These expenses were reasonably incurred in light of the work performed, the issues presented, and the results obtained. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs,

1   travel expenses, postage, telephone and fax costs, computerized legal research fees, and

2   mediation expenses are reasonable and necessary expenses in class action litigation).

3   **F.     The service awards requested for the named Plaintiffs are reasonable.**

4         Service awards compensating named plaintiffs for work done on behalf of the Settlement

5   Class (also known as incentive awards) attempt to account for financial or reputational risks

6   associated with litigation, and promote the public policy of encouraging individual plaintiffs to

7   undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563

8   F.3d 948, 958-959 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal.

9   2011) ("Incentive awards are fairly typical in class actions."). In reviewing whether a service

10  award is appropriate, the court should take in account "the actions the plaintiff has taken to

11  protect the interests of the class, the degree to which the class has benefitted from those action,

12  … [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Jones v.*

13  *Agilysys, Inc.*, No: C 12-03516 SBA, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014)

14  (quoting *Staton*, 327 F.3d at 977) (ellipses and internal marks in original).

15        Unlike unnamed Settlement Class Members, who are passive beneficiaries of the

16  representatives' efforts on their behalf, named class representatives agree to be the subject of

17  discovery, including making themselves available as witnesses at deposition and trial, and

18  subject themselves to other obligations of named parties. Service payments, which serve as

19  premiums in addition to any claims-based recovery from the settlement, promote the public

20  policy of encouraging individuals to undertake the responsibility of representative lawsuits.

21        In this case, Plaintiff Alan Brinker has protected the interests of the Settlement Class for

22  more than three years. Mr. Brinker actively assisted in the prosecution of this case and devoted

23  hundreds of hours of his time. Brinker Decl. ¶ 2. He responded to Defendant Normandin's

24  Interrogatories, Requests for Production, and Requests for Admission and Defendant

25  OneCommand's Interrogatories, Requests for Production, and Requests for Admission. *Id.* He

26  also actively assisted in counsel's investigation both before and after filing the case, including

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 14
CASE NO. 5:14-CV-03007-EJD-HRL

analyzing the financial status of Normandin's. *Id.* ¶ 3. He also sat for a deposition, attended

mediation, actively participated in mediation and settlement discussions and thoroughly

reviewed the Settlement Agreement. *Id.* ¶ 5. In addition, Mr. Brinker had a potential individual

claim against Normandin's that he did not pursue in order to put the Class's interests first. *Id.* ¶

6. Awards in this range have been approved in this district under similar circumstances.

*Contreras v. Performance Food Grp., Inc.*, No. 4:14-CV-03380-PJH, 2016 WL 9138157, at *1

(N.D. Cal. May 4, 2016) (approving service award "in the amount of $10,000.00, for the

initiation of this action, the substantial benefit conferred upon the Class, and the risks taken by

stepping forward and prosecuting this action."); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D.

326, 336 (N.D. Cal. 2014) (approving $10,000 service award where class representative

consulted with counsel, attended mediation, contributed significant personal time, and award was

paid directly by the defendant such that "class members will not fund the awards."). Thus, a

$10,000 service award for Mr. Brinker is reasonable.

Likewise, Mr. Rugg and Ms. Sanders stepped forward to represent the Settlement Class

and, in so doing, incurred risks in prosecuting this case. Since joining the lawsuit, they were

ready and willing to participate in the litigation as needed. $1,000 service awards for these two

Plaintiffs are reasonable under the circumstances. *See Weeks v. Kellogg Co.,* No. CV 09-08102

MMM RZX, 2013 WL 6531177, at *37 (C.D. Cal. Nov. 23, 2013) (approving $5,000 service

awards for each named plaintiff even though their involvement was "relatively minimal and not

particularly burdensome").

## IV.  CONCLUSION

For the reasons stated above, counsel respectfully request that the Court grant this motion

and: (1) award counsel an amount of $150,000 in attorneys' fees and expenses to be paid by

Defendants; and (2) award a service payment of $10,000 to Plaintiff Brinker and $1,000 each to

Austin Rugg and Ana Sanders, to be paid by Defendants.

1

2

RESPECTFULLY SUBMITTED AND DATED this 12th day of January, 2018.

3

TERRELL MARSHALL LAW GROUP PLLC

4

By:   /s/ Beth E. Terrell, CSB#178181

5

Beth E. Terrell, CSB #178181
Email:  bterrell@terrellmarshall.com
Mary B. Reiten, CSB #203412

6

Email:  mreiten@terrellmarshall.com

7

Adrienne D. McEntee, *Admitted Pro Hac Vice*
Email:  amcentee@terrellmarshall.com

8

936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

9

Telephone: (206) 816-6603
Facsimile: (206) 319-5450

10

11

Steven M. Tindall, CSB #187862
Email:  smt@classlawgroup.com

12

GIBBS LAW GROUP LLP
505 14th Street, Suite 1110

13

Oakland, California 94612-1406
Telephone: (510) 350-9700

14

Facsimile: (510) 350-9701

15

16

Rob Williamson, *Admitted Pro Hac Vice*
Email:  roblin@williamslaw.com

17

Kim Williams, *Admitted Pro Hac Vice*
Email:  kwilliams@williamslaw.com

18

WILLIAMSON & WILLIAMS
2239 West Viewmont Way, West

19

Seattle, Washington 98199
Telephone: (206) 295-3085

20

21

*Attorneys for Plaintiffs and the Proposed Class*

22

23

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 16
CASE NO. 5:14-CV-03007-EJD-HRL

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on January 12, 2018, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

6

Andrew V. Stearns, SBN #164849
Email:  astearns@boglawyers.com
Robert B. Robards, SBN #166855

7

Email:  rrobards@boglawyers.com
ROBARDS & STEARNS

8

718 University Avenue, Suite 216
Los Gatos, California 95032

9

Telephone: (408) 214-6432
Facsimile: (408) 560-9592

10

11

*Attorneys for Defendant Normandin's*

12

Sean P. Flynn, SBN #220184
Email:  sflynn@gordonrees.com

13

GORDON & REES LLP
2211 Michelson Drive, Suite 400

14

Irvine, California 92612
Telephone: (949) 255-6950

15

Facsimile: (949) 255-2060

16

17

Daniel S. Kubasak, SBN #222336
Email: dkubasak@gordonrees.com

18

GORDON & REES LLP
275 Battery Street, Suite 2000

19

San Francisco, California 94111
Telephone: (415) 986-5900

20

Facsimile: (415) 986-8054

21

22

23

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 17
CASE NO. 5:14-CV-03007-EJD-HRL

1

Steven C. Coffaro, *Admitted Pro Hac Vice*
Email:  scoffaro@kmklaw.com

2

Drew Hicks, *Admitted Pro Hac Vice*
Email: dhicks@kmklaw.com

3

KMK LAW
One East Fourth Street, Suite 1400

4

Cincinnati Ohio 45202
Telephone: (513) 579-6400

5

Facsimile: (513) 579-6457

6

7

*Attorneys for Cross Defendant OneCommand, Inc.*

DATED this 12th day of January, 2018.

8

9

TERRELL MARSHALL LAW GROUP PLLC

10

11

By:    /s/ Beth E. Terrell, CSB #178181
       Beth E. Terrell, CSB #178181

12

Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300

13

Seattle, Washington 98103
Telephone: (206) 816-6603

14

Facsimile: (206) 319-5450

15

*Attorneys for Plaintiffs and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS FEES, COSTS AND SERVICE AWARDS - 18
CASE NO. 5:14-CV-03007-EJD-HRL