UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, AUSTIN RUGG, and ANA SANDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORMANDIN'S, a California corporation, d/b/a NORMANDIN CHRYSLER JEEP DODGE RAM, and ONECOMMAND, INC.,<br><br>Defendants. | NO. 5:14-cv-03007-EJD-HRL<br><br>[PROPOSED] **FINAL APPROVAL ORDER OF JUDGMENT AND DISMISSAL WITH PREJUDICE**<br><br>JURY TRIAL DEMAND<br><br>HON. EDWARD J. DAVILA<br><br>Complaint Filed: July 1, 2014<br><br>DATE: March 29, 2018<br>TIME: 10:00 a.m.<br>LOCATION: Courtroom 4 – 5th Floor |

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Service Awards. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order of Judgment and Dismissal with Prejudice ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Settlement Class. It is **HEREBY ORDERED** that the motions are **GRANTED IN PART**, the Settlement Class is certified, the Settlement Agreement and Release ("Settlement Agreement" or "Agreement")[1] is approved, Class Counsel are awarded $150,000 in

---

[1] Capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

fees and costs, and service awards are approved in the amount of $7,500 for Plaintiff Alan Brinker, and $1,000 each for Plaintiffs Austin Rugg and Ana Sanders.

**WHEREAS**, on or about October 5, 2017, the Parties filed the Agreement (Docket No. 166) which sets for the terms and conditions of the settlement and release of certain claims against Defendants Normandin's and OneCommand, Inc. ("Settlement");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for orders finally approving the Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees and costs, and service awards to the Plaintiffs;

**WHEREAS**, the Court preliminary approved the Settlement on November 16, 2017 and Class Notice was given to Settlement Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of the Settlement, and all exhibits thereto, and held a hearing after Class Notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this Action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on March 29, 2018, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of all of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Settlement Class is certified as follows:

> All persons who owned one or more of the 8,313 cellular telephone numbers to which calls were placed by OneCommand on Normandin's behalf on or after October 16, 2013, through the alleged use of any automatic telephone dialing system or with an artificial or prerecorded voice, which calls allegedly were not made for emergency purposes or with the recipient's prior express consent.

Excluded from the Settlement Class are the Judge to whom the Action is assigned, any member of the Judge's staff and immediate family, and all persons who validly request exclusion from the Settlement Class.

4. For purposes of settlement, Plaintiffs are hereby appointed "Class Representatives."

5. For purposes of settlement, the attorneys at Terrell Marshall Law Group PLLC are hereby appointed as Class Counsel.

6. This Court finds that the Class Notice given to members of the Settlement Class pursuant to the terms of the Agreement fully and accurately informed such members of all material elements of this Settlement and constituted valid, sufficient, and due notice to all such members. The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law. Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order.

7. The Court finally approves this Settlement, and finds that it is fair, reasonable, and adequate.

8. The Parties, their counsel, and the Claims Administrator shall fulfill their obligations and duties under the Agreement.

9. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

10. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

11. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

12. The Claims Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Claims Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such Class Notice. The Class Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class are bound by this Final Approval Order.

13. Notice of the proposed Settlement was served upon the appropriate state official of each State in which a Settlement Class Member resides and upon the Attorney General of the United States. The Court finds that the Class Notice provided satisfied the requirements of 28

U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required Class Notice was provided, as required by 28 U.S.C. § 1715(d).

14. The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $150,000. These amounts shall be paid by Defendants pursuant to the terms of the Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members.[2] In addition, the Court finds that the Agreement was negotiated at arms' length and without collusion.

15. The Court approves payment of service awards to Plaintiffs in the amount of $7,500 for Plaintiff Alan Brinker, and $1,000 each for Plaintiffs Austin Rugg and Ana Sanders. Defendants shall pay these amounts pursuant to the terms of the Agreement.

16. Neither this Final Approval Order nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in

---

[2] The Court reaches this determination by first calculating the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorneys' reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Then, the Court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Fischer*, 214 F.3d at 1119. Here, counsel spent over 1,200 hours on this case, with timekeepers whose hourly rates range from $225 to $850. Dkt. No. 172 at 8-11. In total, this amounts to $745,920 in fees. *Id*. at 1. Counsel also paid $41,065.40 in out-of-pocket expenses, bringing the total effort to $786,985.40. *Id*. The Court finds the hours expended reasonable, as this case was litigated over the course of several years and involved substantial discovery and motion practice. *See, e.g.*, Dkt. Nos. 86, 90, 130, 145. The requested rates are also reasonable, as courts in this District have approved similar rates for attorneys of similar experience in the San Francisco Bay Area. *See, e.g.*, *In re Magsafe Apple Power Adapter Litig*., No. 5:091-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (citing *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-21 (N.D. Cal. 2011)) (rates of $560 to $800 reasonable for partners, rates of $285 to $510 reasonable for associates, rates of $200 to $240 reasonable for paralegals, and rates of $150 to 185 reasonable for litigation support staff). In light of this, counsel's overall request for $150,000 in fees and costs is reasonable. This amount falls well below the lodestar amount, and the downward adjustment is appropriate and sufficient to bring the award in line with the benefits obtained for Class Settlement Members.

any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Approval Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

17. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

18. There were no objections to the Settlement and no requests for exclusion. Thus, the Court finds that no justifiable reason exists for delaying entry of this Final Approval Order.

**HEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order. The Clerk shall close this file.

IT IS HEREBY ORDERED.

DATED this   4th   day of    April          , 2018.

_____
UNITED STATES DISTRICT JUDGE